(December 7, 1908.)

# In the Matter of the Estate of GEORGE W. DAGGETT, Deceased; JENNIE S. THOMAS and JOHN J. DAG-GETT, Appellants, v. ELLA SUE MATTHEWS et al., Respondents.

[98 Pac. 849.]

ADMINISTRATION OF ESTATES — APPOINTMENT OF ADMINISTRATOR — NOMINATION OF ADMINISTRATOR—WHO COMPETENT TO NOMINATE— DISCRETION OF PROBATE COURT.

1. Under the provisions of sec. 5351, Rev. Stat., only persons designated in subdivision 1 thereof are entitled to nominate some other person for appointment, and thereby have such person advanced to the rank and class of the one making the request or nomination.

2. Under the provisions of sec. 5351, Rev. Stat., persons falling under subdivisions 4 and 5 thereof are not entitled to nominate a person falling under subdivision 11 and have that person advanced to the rank and class occupied by the person making the nomination.

3. Where a person entitled to administer upon an estate files a written application under the provisions of sec. 5365, Rev. Stat., requesting the appointment of some other competent person, such request and application is addressed to the discretion of the court, and the statute is not mandatory upon the court.

4. Under the provisions of sec. 5366, Rev. Stat., "when letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother or sister of the intestate, any one of them who is competent or any competent person at the written request of any of them, may obtain the revocation of the letters and be entitled to the administration by presenting to the court a petition praying the revocation and that letters of administration may be issued to him."

5. Sec. 5366, Rev. Stat., must be construed in view of and in connection with secs. 5351 and 5365, and where a number of persons are requesting or petitioning the appointment of strangers or persons falling under subdivision 11 of sec. 5351, and one only of the persons making such requests or petitions falls within the classes of preferred persons under sec. 5366, Rev. Stat., and the first five subdivisions of sec. 5351, such person is entitled to nominate any competent person for administrator, and it is the duty of the court to appoint the person so nominated.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, for the County of Latah. Hon. Edgar C. Steele, Judge.

From a judgment of the district court affirming an order of the probate court appointing an administrator, petitioners Jennie S. Thomas and John J. Daggett, appealed. Judgment *reversed.*

Morgan & Morgan, for Appellants.

When parties apply in the order fixed by statute, being themselves competent, the statutory order must be followed, and any other action is a violation of the plain provisions of the law. (*Owens' Estate,* 30 Utah, 351, 85 Pac. 277; *Hawley's Estate,* 76 N. Y. Supp. 461, 37 Misc. Rep. 667; 18 Cyc. 83, sec. 2; *Li Po Tai's Estate,* 108 Cal. 484, 41 Pac. 486; *Nickal's Estate,* 21 Nev. 462, 34 Pac. 250.)

The request of a person, herself not competent to administer, does not even confer jurisdiction on the court, much less does it invest the court with a discretion to appoint her nominee. The power to nominate is statutory, and only exists in so far as it is conferred by statute. (*Brundage's Estate,* 141 Cal. 538, 75 Pac. 175; *Estate of Beech,* 63 Cal. 458; *Estate of Eliza Kelly,* 57 Cal. 81; *Estate of Allen,* 78 Cal. 581, 21 Pac. 426; *Bedell's Estate,* 97 Cal. 339, 32 Pac. 323; *Muersing's Estate,* 103 Cal. 585, 37 Pac. 520.)

It was mandatory upon the court to appoint the nominee of John J. Daggett in this case, and in refusing to make the appointment the court has erred. (*Wooten's Estate,* 114 Tenn. 289, 85 S. W. 1105; *Watson's Estate,* 31 Mont. 438, 78 Pac. 702; *Owen's Estate,* 30 Utah, 351, 85 Pac. 277.)

Forney & Moore, for Respondents.

When one who is entitled to letters of administration asks for the appointment of one not otherwise entitled, it rests in the discretion of the court to appoint such nominee or other applicant. (*Estate of Morgan,* 53 Cal. 243; *Estate of Allen,*

78 Cal. 581, 21 Pac. 426; *Estate of Dorris*, 93 Cal. 611, 29 Pac. 244; *Estate of Healy*, 122 Cal. 162, 54 Pac. 736; *Estate of Richardson*, 120 Cal. 344, 52 Pac. 832; *Estate of Kirtlan*, 16 Cal. 161; *Estate of Bedell*, 97 Cal. 339, 32 Pac. 323; *Estate of Harrison*, 135 Cal. 7, 66 Pac. 846; *Estate of Brundage*, 141 Cal. 538, 75 Pac. 175.)

Where one who is entitled to administer upon an estate waived his right or refused to make application, and the court appoints someone else, it is not error to refuse to revoke the grant of letters on the application of him who had waived his right or refused to make application in the first instance. Such person is estopped from invoking sec. 5366, Rev. Stat. 1887. (*Estate of Keane*, 56 Cal. 407; *Estate of Moore*, 68 Cal. 281, 9 Pac. 164, and cases cited *supra*.

On March 20, 1908, Jennie S. Thomas filed a petition in the probate court of Latah county, alleging that George W. Daggett died intestate in the county of Latah, state of Idaho; that the petitioner was his sister and praying for the appointment of Fred K. Bressler as administrator of his estate. Notice was given as required by law, and on March 31, 1908, Ella Sue Matthews filed her petition, alleging that she was a married woman and a step-daughter of the deceased, and setting up a purported contract between herself and George W. Daggett, whereby she was to receive a certain share in the estate, and praying that letters of administration might issue to Henry H. Bangs. Notices were issued and served and both petitions were heard on April 11, 1908. On the latter date John J. Daggett filed with the court a written request, alleging that he was a brother of deceased, resident of the state of Idaho, and in every way competent and entitled to administer the estate of his deceased brother, and thereupon joined in the petition of Jennie S. Thomas, requesting the appointment of Fred K. Bressler as adminstrator. At the same time Daggett filed written objections to the appointment of Henry H. Bangs. After hearing the case, the probate judge, on April 27, 1908, made and entered an order denying the petition of Jennie S. Thomas, and grant-

ing the petition of Ella Sue Matthews, and in accordance therewith appointed Henry H. Bangs as administrator of the estate of George W. Daggett. Jennie S. Thomas and John J. Daggett thereupon appealed to the district court, where the case was again heard and the judgment of the probate court was affirmed. They thereupon appealed to this court from the judgment and an order denying their motion for a new trial. Both Bressler and Bangs were strangers to the estate.

AILSHIE, C. J. (After Stating the Facts.)—The first question to be determined in this case is: Can one who is himself entitled to administer upon an estate, by filing a request for the appointment of another, thereby advance the one for whom the request is made to the same rank and class as the one making the request? Sec. 5351 of the Rev. Stat. reads as follaws:

"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

"1. The surviving husband or wife or some competent person whom he or she may request to have appointed;

"2. The children;

"3. The father or mother;

"4. The brothers;

"5. The sisters;

"6. The grandchildren;

"7. The next kin entitled to share in the distribution of the estate;

"8. Any of the kindred;

"9. The public administrator;

"10. The creditors;

"11. Any person legally competent;

"If the decedent was a member of a partnership at the time of his decease, the surviving partner must in no case be appointed administrator of his estate."

John J. Daggett, a brother of the deceased, was himself entitled to administer under the provisions of subdivision 4

of the foregoing statute. His sister, Jennie S. Thomas, if an unmarried woman, was entitled to administer under subdivision 5 of that section. Bangs and Bressler would both come under the provisions of subdivision 11 and belong to the class designated as "any person legally competent." If one who belongs to a preferred class is entitled by filing his written request, to advance one who belongs to class eleven, to the rank of the one making the request, then the appellants' position on this point is correct. If not, the respondents are correct. The language itself of sec. 5351 convinces us that appellants' contention is untenable. Subdivision 1 designates the persons first entitled to administer, namely: "the surviving husband or wife, or some competent person whom he or she may request to have appointed."

It will be noticed that the language composing the latter part of this subdivision is not found in connection with any of the other ten subdivisions. In other words, the statute itself specifically authorizes a husband or wife, by designation and request, to advance any competent person to his or her own rank, but it does not authorize any one of any of the other classes, by request or otherwise, to advance a person to his or her rank. If the expression "or some competent person whom he or she may request to have appointed," had been intended to apply to each of the eleven subdivisions, that language would have been placed in the body of the section preceding the subdivisions, in which case it would have applied to all the subdivisions. Appellants contend, however, that under the provisions of sec. 5365, "administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court." We think this section means to provide for the appointment of any competent person upon the request of some one entitled thereto, where no application has been made by some person entitled to administer under the statute. Under this section of the statute, it is a matter addressed to the sound discretion of the court and is not an arbitrary or mandatory provision or requirement.

Sec. 5351 of our Rev. Stat. corresponds identically with sec. 1365 of the Code of Civil Procedure of California. *Estate of Morgan*, 53 Cal. 243, was a case where the appointment of a "person legally competent" had been requested by the next of kin, and the probate court had denied the request and appointed the public administrator. The supreme court in passing on the matter, said:

"Their petition requesting the appointment of Croly was addressed to the *mere discretion* of the probate judge; it did not operate to supersede the claim of the public administrator, otherwise established under the statute, to receive letters of administration, and it not appearing that the probate court in refusing to appoint Croly has abused the discretion confided to it in terms by the statute, the order will not be disturbed, but must be affirmed here."

The Morgan case was cited, considered and approved *In re Healy's Estate*, 122 Cal. 165, 54 Pac. 736. In the latter case heirs falling under class 7 of sec. 1365 (Code Civ. Proc., Cal.), petitioned for the appointment of one coming under the last class, being merely "a person legally competent." The superior court denied the request and appointed the public administrator, and the supreme court affirmed the judgment—holding that the appointment was in the discretion of the court. The court also held in the Healy case that sec. 1379, Code Civ. Proc. of California, which is identical with our section 5365, is not mandatory, but "imposes a discretion as to the granting of such request in the court." (See, also, *In re Dorris Estate*, 93 Cal. 611, 29 Pac. 244; *In re Bedell's Estate*, 97 Cal. 339, 32 Pac. 323; *In re Brundage's Estate*, 141 Cal. 538, 75 Pac. 175.)

The peculiar facts of this case, however, make it necessary for us to consider and construe sec. 5366, Rev. Stat., in connection with the foregoing statutes. That section is as follows:

"When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother or sister of the intestate, any one of them who is competent, or any competent person at the writ-

ten request of any of them, may obtain the revocation of the letters and be entitled to the administration by presenting to the court a petition praying the revocation and that letters of administration may be issued to him.''

By the provisions of this section, where any person not a member of one of the first five classes enumerated in sec. 5351, *supra,* has been appointed administrator, the appointment may be revoked on the application of any member of these five classes who is himself competent to administer, or upon the application of his or her nominee, and thereupon letters shall be granted to some one of the members of these five classes petitioning therefor, or some competent person designated by a member of one of these classes. It therefore becomes necessary to determine whether or not any of the parties to this controversy come within the designated classes. We turn to the record and find that Jennie S. Thomas was not competent because she was a married woman, and the same is true of Ella Sue Matthews. Henry H. Bangs, who was appointed, was not a member of any one of the first five classes designated by sec. 5351. In the language of sec. 5366, he was not ''the surviving husband or wife, child, father, mother, brother or sister of the intestate.'' Bressler belongs to the same class as Bangs. John J. Daggett, one of the appellants, is a brother of the deceased, and was at the time of this application in all respects competent and qualified for appointment as administrator of the estate of his deceased brother; he was also a member of class No. 4. It therefore follows that under the provisions of sec. 5366, above quoted, either John J. Daggett or any competent person whom he might designate in writing might petition for the revocation of the letters of administration issued to Henry H. Bangs, and thereupon have letters issued to himself or such nominee. In view of the provisions of this statute it would be useless for the court to exercise his discretion in the first instance in appointing an administrator, as he would immediately thereafter be compelled, under the provisions of this statute, to revoke the appointment and appoint the person nominated by John J. Daggett. We think these provisions

of the statute should all be construed together, and since John J. Daggett was the only one of the contesting parties in this matter who was competent or qualified to administer under the first five subdivisions of sec. 5351, and was also the only party who was entitled under sec. 5366 to have letters revoked in case they were granted to a person not one of the foregoing classes, it follows that he was entitled to nominate in writing any competent person whom he might choose for appointment as administrator, and that he was thereupon entitled to have such person appointed. This would not be true if John J. Daggett were not one of the persons designated as being entitled to have letters revoked. This phase of the question was construed in *Re Healey's Estate, supra,* in a case where the person making the nomination was not a member of the first five classes; but, on the contrary, was a member of class No. 7. The court there said:

"The power to procure a revocation of letters, and the appointment of a nominee after letters have been issued to one not in the first five classes enumerated in sec. 1365, Id., is accorded to the members of those five classes and to their nominees by sec. 1383, Id. But it is here to be noted that the members of class 7, to which the McCabes belong, are not empowered to nominate under sec. 1365, Id., nor to secure a revocation of letters under sec. 1383, Id. Their rights, then, are wholly embraced within sec. 1379, Id., upon the construction of which this question must depend."

We conclude, therefore, that John J. Daggett being the only petitioner or applicant who was competent and qualified to administer under the first five subdivisions of sec. 5351 and also under sec. 5366, that his nominee being otherwise a competent person to administer, should have been appointed, and that it was error to refuse to make such appointment. The judgment must be *reversed,* and it is so ordered, and the cause is remanded for further proceedings in accordance herewith. Costs in favor of appellants.

Sullivan, J., and Stewart, J., concur.

(December 31, 1908.)

ON PETITION FOR REHEARING.

STEWART, J.—The respondents have filed a petition for rehearing. It presents but one question which we deem of sufficient importance to consider further. It is argued that the request of John J. Daggett, a brother of the deceased, for the appointment of Bressler did not in any way add to the force of the application of Jennie S. Thomas or take away from the probate court the discretion vested in it under the provisions of Rev. Stat., sec. 5365, and that the provisions of sec. 5366 have no application to a hearing for letters of administration in the first instance, and only apply when letters have been issued, and the petition of any one of the class enumerated in said section or the nominee of such person is presented for the revocation of letters already issued, and the request to issue letters to the applicant or the nominee of such applicant. As stated in the principal opinion, however, courts will not do or permit to be done vain and useless things when they can be avoided by the application of the law to the facts as they are presented to the court. While it is true that sec. 5366 in terms applies when letters have already been issued, yet, as stated in the principal opinion, when the facts contained in sec. 5366 are presented to the probate court upon the hearing of a petition for letters, the court will construe said section in connection with secs. 5365 and 5351, and not make an appointment of an administrator, which under the provisions of sec. 5366 would immediately be subject to removal upon the application of any of the class enumerated in said section or the nominee of such person. When the conditions, provided for in sec. 5366, are presented to the court at the original hearing for letters, then it is the duty of the probate court to construe said section in connection with the other sections and issue the letters to the person qualified to receive the same under the provisions of said section, and not do a useless and unnecessary thing by appointing some other person whose removal would be compulsory upon the

application of any one of the class or the nominee thereof mentioned in said sec. 5366.

The discretion therefore vested in the probate court under the provisions of sec. 5365 ceases to be a discretion, and the duty becomes absolute when the application is made by any of the class or the nominee of such person mentioned in said sec. 5366. This construction in no way affects the provisions of sec. 5363 of the Rev. Stat., as in this latter section the letters of administration must be granted to any applicant, though it appears there are other persons having better rights to the administration, when such persons fail to appear and claim the issuing of letters to themselves. In other words, the letters must be granted to the applicant unless the person who has a better right thereto appears and asks for letters or nominates someone under the provisions of sec. 5366. This construction harmonizes all these different sections of the statute with reference to letters of administration, and imposes the duty upon the probate court, in making the appointment, not to do a vain and useless thing. Petition for rehearing is denied.

Ailshie, C. J., and Sullivan, J., concur.