(April 9, 19^^.)

In the Matter of the Estate of CARY A. CORYELL, Deceased. LEWISTON NATIONAL BANK, Appellant, v. GEORGE T. MILLER, as Administrator, et al., Respondents.

[101 Pac. 723.]

ESTATES OF DECEASED PERSONS—CLAIMS AGAINST—ALLOWANCE BY PROBATE JUDGE—EFFECT—RIGHT OF HEIRS TO CONTEST—APPEALABLE ORDERS.

1. The right of appeal in probate matters, from the probate to the district court, is of purely statutory regulation, and where the right of appeal is challenged, the authority for such appeal must be found in the statute.

2. Where a claim is presented to the administrator and by him allowed, and afterward to the probate judge and by him allowed, the effect of such allowance is merely to rank the claim among the acknowledged debts of the estate to be paid in due course of administration.

3. The order or judgment of a probate judge, allowing a claim against an estate upon an *ex parte* showing, is not a final order or judgment, which binds or affects the heirs of such estate who have not appeared, objected to, or contested such claim.

4. The statutes of this state give an heir the right to appear and contest a claim, after its allowance by the administrator and

the probate judge, and such heir is not concluded by the order or judgment of allowance made in the first instance.

5. Under the statutes of this state, where a claim against an estate has been allowed by the administrator and afterward by the probate judge, and thereafter objections and exceptions are filed by an heir of such estate, the probate judge has power and jurisdiction to set aside his former allowance of such claim and to hear and determine the objections and exceptions filed.

6. Where exceptions and objections are filed to the allowance of a claim against an estate, in the manner directed by statute, the issue thus presented should be heard and tried by the probate judge, and until heard and tried is pending in such court.

7. Where a claim against an estate is in the first instance allowed by the administrator and the probate judge, and thereafter upon objections filed by an heir such allowance is set aside, such claim is then pending against such estate; and an appeal will not lie from the order of the probate judge setting aside his former allowance of such claim.

8. The statute of this state authorizes an appeal to the district court from an order settling and allowing an account of an administrator, but where the probate judge settles and allows part of the account of an administrator and continues the remainder for future consideration and hearing, the judgment thus rendered does not settle such account as to the matters continued for future consideration; and an appeal will not lie from such order by those affected or interested in the matters continued for future consideration.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District, in and for the County of Nez Perce. Hon. Edgar C. Steele, Judge.

Claims against the estate of a deceased person. This appeal is taken from a judgment of the district court dismissing an appeal from the probate to the district court. *Affirmed.*

James E. Babb, and John R. Becker, for Appellant.

The Idaho statutes on administration were taken from California and the supreme court of California, in *Re Estate of Schroeder*, 46 Cal. 305, stated (July, 1873): "Our probate system is derived mainly from Texas, and in most respects is identical with it. (*Hillebrant v. Burton*, 17 Tex. 138.)"

"We have repeatedly decided that the approval of a claim by the probate court, after it was allowed by the executor or administrator, is a *quasi* judgment, which cannot, at a subsequent term, be set aside by the probate court." (*Moore v. Hillebrant,* 14 Tex. 312, 65 Am. Dec. 118, and cases cited; *Estate of McKinley,* 49 Cal. 152.)

The indorsement by the probate judge hardly rises above an act of administration, or above the act of the administrator in indorsing his allowance. These acts, while of a discretionary nature, are administrative, acts not different from the acts of auditors and auditing boards of private and municipal corporations and states and counties. When such bodies and persons act their action is final, and they have no power to vacate it or reject it. It is considered, therefore, that the parties should not be put to a bootless trial or rehearing before a tribunal whose rehearing would not result in a determination that would settle some of the issues or that would be any more binding than the original determination. Such rejection would burden intolerably the method of realizing on such claims. (2 Am. & Eng. Ency. of Law, 2d ed., 1004; *Hitchcock v. Genessee Probate Judge,* 99 Mich. 128, 57 N. W. 1097; *In re Hudson,* 63 Cal. 454.)

The action of indorsing allowances on the claims is not an action of the probate court, but of the judge thereof only, and he, as such judge only, acting in vacation, is not the court of record and of general jurisdiction referred to in our constitution. He is an instrument of that court. When these claims are required to be passed upon on hearing of an account in which they are listed, the statute requires that the hearing be held in term time of the court, and by the court and not by the judge. The final hearing cannot be had before the judge, upon the validity of these claims, but must be had before the tribunal in term time. This distinction has been applied to various inferior officers and tribunals. (*State v. Case,* 14 Mont. 520, 37 Pac. 97; *Corthell v. Mead,* 19 Colo. 386, 35 Pac. 741; *Weimmer v. Sutherland,* 74 Cal. 341, 15 Pac. 849; *Simon v. Justice's Court,* 127 Cal. 45, 59 Pac. 296.)

On the hearing of appeals from the probate court the hearing in the district court is confined to the issues made in the

probate court; new issues cannot be made in the district court. (*In re Estate of McVay,* 14 Ida. 69, 93 Pac. 31.)

John O. Bender, George E. Erb, and G. Orr McMinimy, for Respondents.

It has been uniformly held that an appeal from an order of the court of the character of those before us cannot be sustained unless the orders are specifically enumerated in the statute. (*In re Kelly's Estate,* 31 Mont. 356, 78 Pac. 579, 79 Pac. 244; *In re Walkerly's Estate,* 94 Cal. 352, 29 Pac. 719; *In re Tuohy's Estate,* 23 Mont. 305, 58 Pac. 722; *In re Kelly's Estate,* 31 Mont. 356, 78 Pac. 579, 79 Pac. 244.) The right of appeal is statutory and unknown to the common law. It cannot be extended in cases not within the statute. (*General Custer Min. Co. v. Van Camp,* 2 Ida. 40, 3 Pac. 22; *Pierson v. State Board of Land Com.,* 14 Ida. 159, 93 Pac. 775.)

While these claims had been allowed and ranked as the acknowledged debts of the estate, still they have not been finally adjudicated, and could not be ordered paid until the final settlement of the estate when, if still ranking as acknowledged debts of the estate, the court should order them paid, and upon refusal thereof the claimant would have the right to appeal therefrom to the district court under subd. 7 of sec. 4831, which is evidently directly responsive to sec. 5610 in such cases. (*In re McDougald's Estate,* 143 Cal. 476, 77 Pac. 444; *In re Williams' Estate* (Cal.), 32 Pac. 241.)

The orders from which these appeals were attempted to be made from the probate court to the district court are not among those enumerated in sec. 4831, which embraces all the orders from which an appeal may be taken to the district court from the probate court. (*In re Kelly's Estate, supra; In re Barker's Estate,* 26 Mont. 279, 67 Pac. 941; *In re Cahill's Estate,* 142 Cal. 628, 76 Pac. 383; *In re Wittmeier's Estate,* 118 Cal. 255, 50 Pac. 393; *In re Estate of Lutz, Sr.,* 67 Cal. 457, 8 Pac. 39; *In re Williams' Estate* (Cal.), 32 Pac. 241; *In re Walkerly's Estate,* 94 Cal. 352, 29 Pac. 719.)

The only appeal that can be made is from the order settling the account, and no appeal lies from the order vacating the

allowance of the claims, although it be held that the contest is a part of the proceeding in settlement of the account. (*Horn v. Volcano. Water Co.*, 18 Cal. 141; *Estate of Paige*, 12 Ida. 410, 86 Pac. 273.)   The order made on April 4, 1908, was a final order settling the account of the administrator, from which an appeal might have been taken, notwithstanding the fact that these contested claims, although held to be a part of the account, were expressly reserved therein for future action.   (*Thompson v. Dean*, 7 Wall. 342, 19 L. ed. 94; *Forgay v. Conrad*, 6 How. 204, 12 L. ed. 404.)   If these allowed claims were a part of the administrator's account, they were merely incidental thereto, and an independent appeal cannot be taken from the order vacating their allowance, but in order to have them reviewed by the appellate court, the appeal must be taken from the order settling the account.   (*Hutchinson v. Otis, Wilcox & Co.*, 190 U. S. 556, 23 Sup. Ct. 778, 47 L. ed. 1179.)

Separate appeals cannot be taken from the different orders in settling an account pertaining to the claims against an estate, either by the administrator or by the claimants, but only one appeal may be taken, and that must be from the order settling the account.   (*Matter of Maxwell*, 26 N. Y. Supp. 216.)

Every creditor and every heir of this estate has a right to contest these claims, and should this contest, made by these heirs who are not all of the heirs in this estate, be treated as a part of the settlement of the account of this administrator, then the creditors and these other heirs would be deprived of their right to contest these claims, without any hearing, or their day in court, since the settlement of the account is final against them.   (Sec. 5602, Rev. Codes.)   And they were not made parties to the contest proceeding and had no legal notice of it.   (*Babcock v. Maxwell*, 21 Mont. 507, 54 Pac. 943; 18 Cyc. 1190, and cases cited under note 80.)

STEWART, J.—On April 30, 1907, J. Howard Howe was appointed administrator with the will annexed of the estate of Cary A. Coryell, deceased, such appointment having been made upon the written request of all the heirs of the deceased.

On November 6, 1907, there were presented to such administrator claims in favor of the Lewiston National Bank as follows:

A note dated April 1, 1904, for $8,616.75, payable to the order of said bank, signed by C. W. Colby, J. Howard Howe, C. A. Coryell; upon which it was claimed there was due $6,616.75.

A note dated March 30, 1906, for the sum of $10,000, payable to the order of said bank, signed "Colby, Coryell & Howe Lumber Company, Ltd., by C. W. Colby, President, J. Howard Howe, Secretary," with the following guaranty written on the back thereof:

"For value received I hereby guarantee the payment of the within note and waive protest, demand and notice of nonpayment thereof.

> "C. W. COLBY,          J. HOWARD HOWE,
> "C. A. CORYELL,        LOUIS DIETHER."

A note dated June 13, 1906, for the sum of $5,000, payable to the order of said bank, signed "Colby, Coryell & Howe Lumber Company, Ltd., by J. Howard Howe, Secretary and Treasurer," with the following guaranty written on the back thereof:

"For value received I hereby guarantee the payment of the within note and waive protest, demand and notice of nonpayment thereof.

> "J. HOWARD HOWE,       LOUIS DIETHER,
> "C. A. CORYELL,        C. W. COLBY."

A note dated December 29, 1905, payable to the order of said bank, for the sum of $10,000, signed "Colby, Coryell & Howe Lumber Company, Ltd., by C. W. Colby, Pres't. Attest, J. Howard Howe, Sec'y and Treasurer," with the following guaranty written on the back thereof:

"For value received I hereby guarantee the payment of the within note and waive protest, demand and notice of nonpayment thereof.

> "C. W. COLBY,
> "J. HOWARD HOWE,
> "C. A. CORYELL."

On November 16, 1907, said claims were indorsed by the administrator as allowed, and were also indorsed by the probate judge on the same date as presented to him and allowed. On February 14, 1908, Howe filed an account, as such administrator, which after notice was heard and approved on February 24, 1908. February 29, 1908, Fred D. Coryell filed a petition for removal of the administrator. Citation was issued and on March 10, 1908, the administrator filed an answer to said petition and among other things asked leave to resign as such administrator. On March 14, 1908, he filed his final account and resignation. The account and resignation were set for hearing on March 23, 1908.

On March 27, 1908, there was filed by Nora B. McDole, Alice E. Denberger and Ella F. Phillips, children of the deceased, exceptions to the account of the administrator. Among the grounds of exceptions was the specification that the administrator had not returned a statement of all claims against the estate, containing names of creditors, nature of each claim, when due or when to become due, and whether allowed or rejected, as provided by section 5482 of the Revised Statutes. (The same section in Revised Codes.)

On April 4, 1908, the administrator filed a verified statement in relation to the presentation and disposition of claims, in which were listed the claims of the Lewiston National Bank heretofore referred to. Said report, as to the claims presented against said estate, recited as follows:

"All claims that have been presented against said estate are on file in said court except the claim in favor of the M. E. Church for $100, which has been returned to claimant for correction."

On April 4, 1908, Ella F. Phillips, Alice E. Denberger, Nora B. McDole and Fred D. Coryell, heirs of the deceased, filed a motion to vacate, cancel and set aside and declare void the orders and actions made on the 16th day of November, 1907, by the probate judge, approving, as allowed by the administrator, the claims presented by the Lewiston National Bank, and alleged as a reason therefor:

"That it appears from the face of said claims that the said J. Howard Howe, C. W. Colby, Louis Diether and Cary

A. Coryell, deceased, were jointly liable on said contracts and guaranties and were not jointly and severally liable or severally liable thereon, and for that reason upon the death of the said Cary A. Coryell said obligations abated and the estate of said deceased is not liable thereon, and that the said J. Howard Howe, C. W. Colby and Louis Diether alone are liable for the payment of said obligations.''

On April 4, 1908, the probate judge made an order, which among other things recited:

''On this 4th day of April, 1908, the account filed herein March 14, 1908, having come on pursuant to adjournments regularly made of the March term and of the hearing of said account from March 23, 1908, when same was set for hearing and notice having been given according to law, and the matter having been heard on the objections, filed by Phillips, Denberger and McDole, and the court being fully advised orders that the account be and it hereby is settled, approved and allowed except as to the credit. . . . . And in the foregoing order the validity and amount of the claim allowed in favor of the Lewiston National Bank has not been passed upon or allowed or adjudicated in any particular, but the validity thereof and amount due thereon is reserved for future consideration, and right is reserved to the heirs, creditors and any succeeding administrator to take such proceedings as they may deem proper against said claims of Lewiston National Bank at any time prior to the final settlement of this estate.''

On April 10, 1908, the probate court issued a citation directed to the administrator and the Lewiston National Bank, directing them to show cause on April 20th why an amended motion attached thereto of Phillips, Denberger; McDole and Coryell should not be allowed. The motion attached to said citation recited as grounds therefor that the claims were the claims of the administrator and had not been presented or allowed as required by statute. The motion was also directed to the vacation of the order of the probate judge made on the 16th day of November, 1907, allowing the claims of the Lewiston National Bank on the ground that the administrator was liable for the same.

On April 23, 1908, the administrator and bank filed an answer to the citation and the exceptions filed on April 10th. On April 30, 1908, the probate judge made four separate orders: First: Accepting the resignation of J. Howard Howe and ordering that upon his paying to his successor certain moneys he should be discharged from further duties as administrator. Second: An order appointing George T. Miller administrator, as successor to J. Howard Howe. Third: Vacating order approving as allowed certain claims of the Lewiston National Bank, claimant. The order recited that the amended motion to vacate and cancel orders approving as allowed certain claims presented by the Lewiston National Bank, claimant, came on regularly for hearing on citation to show cause, and after hearing arguments the motion was submitted, and after having been taken under advisement the court made the following order:

"It is ordered, adjudged and decreed and this does order, adjudge and decree that that certain order in words and figures as follows, to-wit:

" 'Presented to T. O. Hanlon, Probate Judge for approval and approved (as allowed) and filed this 16th day of Nov., 1907.

" 'T. O. HANLON,

" 'Probate Judge.'

—endorsed upon certain claims filed by the Lewiston National Bank, be and the same are vacated, set aside and held for naught.''

Fourth: An order approving an account and exhibit of the administrator. This order recited, among other things:

"On the 4th day of April, 1908, the matter of the final account rendered by J. Howard Howe, administrator of the estate of said deceased, having come regularly on for hearing and an order having been made and entered settling, approving and allowing said account as rendered, save and except . . . . that the matter of 'the validity and amount of the claims heretofore allowed in favor of the Lewiston National Bank has not been passed upon or allowed or adjudicated in any particular but the validity thereof and the amount due

thereon is reserved for future consideration'; and the said matter of the validity of the said claims having been duly heard and considered and an order made and signed this day vacating and setting aside the orders approving said claims as allowed,

"Now therefore, it is ordered, adjudged and decreed that the exhibit of J. Howard Howe, administrator, marked . . . . be and the same is hereby approved and allowed as rendered and presented save and except as to the items numbered respectively 8, 9, 10 and 11 thereof, relating to claims of the Lewiston National Bank for, respectively, $10,000, $5,000, $10,000 and $6,016.75, which said items are not allowed and approved as rendered and presented by said administrator in said exhibit, but on which the order of approval has as to each thereof been vacated, set aside and held for naught, by an order this day made and entered herein.

"Done in open court this 30th day of April, 1908.

"T. O. HANLON,
"Probate Judge."

On June 26, 1908, the Lewiston National Bank filed and served notice of appeals which recited "that the Lewiston National Bank hereby appeals to the district court . . . . from the whole of that certain order made in said probate court April 30, 1908, hereinafter described and from a portion hereinafter described of another order made by said probate court on the same date, jointly from both said first mentioned order and said portion of said second mentioned order and separately from each thereof."

Then follows a description of the two orders made on April 30th, 1908.

In the district court Nora B. McDole, Alice E. Denberger, Ella F. Phillips, Charles M. Coryell, Hattie Wangaman, Fred D. Coryell and George T. Miller, administrator of the estate of Cary A. Coryell, deceased, moved to dismiss the appeal upon a number of grounds. The principal one relied upon in this court is, that the orders from which the appeal is taken are not appealable orders. This motion came on for hearing in the district court and was sustained, and on the

19th day of October, 1908, the district court entered an order dismissing said appeals and from the judgment of dismissal this appeal is taken.

Many questions have been argued by counsel for the respective parties in their briefs and also upon the oral argument, which it is sought to have this court pass upon. The view, however, we take of this case leaves but one question for determination, and that is, whether or not an appeal lies from the order made by the probate judge on April 30, 1908, from which the appeal has been taken.

The right of appeal from the probate court to the district court is wholly of statutory regulation, and where the right of appeal is challenged, it must appear from the provisions of the statute that such appeal is provided for. The judgments and orders, from which an appeal may be taken in probate matters, are enumerated in section 4831 of the Revised Codes. The only two subdivisions of such section, which may be considered in connection with the orders appealed from in this case, and which would in any way have bearing upon the appellant's right to appeal, are subdivisions 6 and 7 of such section. Subdivision 6 is as follows:

"Settling an account of an executor, or administrator, or guardian;

"7. Refusing, allowing, or directing the distribution or partition of an estate, or any part thereof, or the payment of a debt, claim, legacy, or distributive share."

If the orders appealed from in this case fall within either of the above classifications, then the district court erred in dismissing the appeal. If, however, the orders appealed from do not fall within such classification, then the district court committed no error in dismissing such appeals.

It appears that the Lewiston National Bank presented claims to the administrator on November 6, 1907; that on November 16, 1907, the administrator allowed said claims, and on the same day they were presented to the probate judge and by him allowed. On the 14th of March the administrator filed his account and resignation and the same was set for hearing on the 23d of March. On April 4th, after exceptions

had been filed to the failure of the administrator to return a list of claims, and after a motion had been filed to vacate the allowance of the claims by the court, the probate court filed an order to the effect that the claims of the Lewiston National Bank had not been passed upon and allowed and were reserved for future consideration; and on April 30th the resignation of the administrator was allowed, a new administrator was appointed and an order was made vacating and setting aside the order made by the probate judge on the 16th day of November, 1907, approving and allowing the claims of the Lewiston National Bank; and the report of Howe, administrator, made on April 4, 1908, of a re-presentation and disposition of claims against the estate was approved, except as to the claims of the Lewiston National Bank which were not allowed and approved as rendered and presented by the administrator.

Revised Codes, section 5466, provides for the presentation of claims to the administrator and "he must indorse thereon his allowance or rejection, with the day and date thereof. If he allows the claim, it must be presented to the probate judge for his approval, who must, in the same manner, indorse upon it his allowance or rejection. If the executor or administrator, or the judge, refuse or neglect to indorse such allowance or rejection for ten days after the claim has been presented to him, such refusal or neglect is equivalent to a rejection."

Section 5467 provides that "Every claim allowed by the executor or administrator, and approved by the probate judge, or a copy thereof, as hereinafter provided, must, within thirty days thereafter, be filed in the probate court, and be ranked among the acknowledged debts of the estate, to be paid in due course of administration."

Section 5468 provides:

"When a claim is rejected, either by the executor or administrator, or the probate judge, the holder must bring suit in the proper court against the executor or administrator, within three months after the date of its rejection."

Section 5469 authorizes the probate judge, when a claim is presented to him for allowance, to examine the applicant

and others and hear any legal evidence touching the validity of the claim.

It will thus be seen from these statutory provisions that when a claim is filed with the administrator, notice is not required to be given to any party who might be affected adversely by the allowance of such claim, of its presentation or pendency; and no opportunity is given to anyone who might desire to contest such claim to appear and contest the same at the time such claim is acted upon by either the administrator or the probate judge. The action of both the administrator and the probate judge is *ex parte*. The judgment allowing such claim is an *ex parte* judgment.

It is, however, argued that after the probate judge made an order approving and allowing the claims of the bank as presented to the administrator, that such judgment of approval became final, and such court had no power or jurisdiction to set aside such order of allowance, for the reason that such allowance became a judgment, and that the only way it could be called in question would be by an appeal. As shown above, however, the allowance was entirely *ex parte;* and it was not the intention of the statute to make such *ex parte* allowance a judgment, concluding the rights of the heirs. It is merely the acknowledgment of such claim as a claim against the estate, to be paid in the due course of administration, subject, however, to be challenged and contested in the manner specified under the statute; and this must necessarily be so, because if the judgment was binding upon the heirs of the estate, then it would become so without their having any opportunity of contesting the same or offering proof to the probate judge with reference to such claim, and their interests would be bound without having had an opportunity to appear and contest such claim; but this contention is disproved by the provisions of the statute itself, which gives the right to any heir to contest any claim upon the hearing of the account rendered by the administrator. (*In re Barker's Estate,* 26 Mont. 279, 67 Pac. 941; *In re Mouillerat's Estate,* 14 Mont. 245, 36 Pac. 185; *Estate of Crosby,* 55 Cal. 574; *In re Sullenberger,* 72 Cal. 549, 14 Pac. 513.)

Section 5598 provides, when an account is rendered for settlement, the court or judge must appoint a day for settlement and notice must be given.

Section 5600 provides: "On the day appointed, or ·any subsequent day to which the hearing may be postponed by the court, any person interested in the estate may appear and file his exceptions in writing to the account and contest the same."

Section 5601 provides: "All matters, including allowed claims not passed upon on the settlement of any former account, or on rendering an exhibit, or on making a decree of sale, may be contested by the heirs for cause shown."

Section 5602 provides that: "The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons in any way interested in the estate."

. Section 5610 provides: "Upon the settlement of the accounts of the executor or administrator, as required in this chapter, the court must make an order for the payment of the debts, as the circumstances of the estate require."

As will be seen the statute expressly authorizes any person interested in the estate to appear and file exceptions in writing to the account rendered by the administrator and to contest the same. Therefore, when the administrator filed his account on April 4th, it was within the right of any persons interested in said estate to appear and contest such account, and the statute provides that "all matters including allowed claims not passed upon on the settlement of any former account . . . . may be contested by the heirs for cause shown." The claims of the Lewiston National Bank as listed in the account of the administrator filed on April 4th had not been listed in any former account rendered by the administrator, which account had been proved or passed upon on the settlement of any former account. Therefore, under the statute such matters were subject to contest by the heirs under the provisions of section 5601 of the Revised Codes.

It appears that the account filed by the administrator on March 14, 1908, came on for hearing on April 4th upon

objections made by Phillips, Denberger and McDole; and the account was settled, approved and allowed, except as to the validity of the claims of the Lewiston National Bank, which were reserved for future consideration, and right given the heirs to take such proceedings with reference to the same as they might deem proper.

Under the provisions of section 5602 of the Revised Codes this order of settlement of the account became conclusive against all persons interested in the estate except the bank; that is, the account was settled and approved except as to the claim of the Lewiston National Bank which was continued for further consideration. This judgment was a conclusive judgment upon which an appeal might have been taken by any person affected thereby except the bank, under the provisions of Revised Codes, section 4831.

The record, then, after this date, in so far as the claims of the Lewiston National Bank were concerned, left such claims pending, and under consideration upon objections filed by Phillips, Denberger and McDole. Afterward, and on April 30th, the claims of the Lewiston National Bank were still under consideration upon objections filed by Phillips, Denberger and McDole, on which latter date the court made the orders from which an appeal was taken to the district court.

Under the provisions of section 5601, if upon the hearing of an account a claim not passed upon on the settlement of any former account may be contested by the heirs, then the mere fact that such claim has been previously allowed by the probate judge would not affect such claim upon such hearing, except to cast upon the heir the burden of proof, as the former allowance of such claims would become evidence *prima facie* of the claim. The order, however, of the probate judge setting aside the former allowance was not equivalent to a disallowance of such claim, but left such claim still pending as a claim against such estate. If the claim was afterward disallowed, then an appeal might be taken to the district court under the provisions of Revised Codes, section 4831. Also, when that part of the account of the administrator is further considered and finally determined, an ap-

peal can also be taken from the order settling or allowing such account.

The notice of appeal specifies that the appeal is taken from the whole of that certain order made in said probate court April 30, 1908, herein described, and from a portion hereafter described of another order made by said probate court on the same date. The first order referred to in this notice was the order vacating the order approving as allowed certain claims of the Lewiston National Bank, and the portion of the order referred to in the notice of appeal is that part of the order made by the probate court on April 30, 1908, approving and allowing the account of the administrator, excepting as to the claims of the Lewiston National Bank, which it is stated are not allowed or approved as rendered and presented by said administrator in said exhibit.

It will thus be seen that neither of these orders settled the account of the administrator with reference to the part of the order from which the appeal was taken or refused or allowed a claim against the estate. It clearly appears from this record that the claims of the Lewiston National Bank are still pending before the probate court, and that that part of the account of the administrator, with reference to said claims, is also still pending before the probate court. Whenever the probate court disposes of such matters and allows or refuses to allow the claims of the bank against the estate, then under the provisions of section 4831 of the Revised Codes an appeal would lie. Also, when the probate court takes final action on that part of the account of J. Howard Howe, administrator, with reference to the claims of said bank, then an appeal will also lie from that order; but there is no provision of the statute to which our attention has been directed, and we are unable to find any, which authorizes an appeal to be taken from the orders involved in this case. The right of appeal in probate matters is purely statutory, and can only be taken from the judgments, orders, decrees and proceedings enumerated by the statute.

We, therefore, conclude in this case that the district court did not err in dismissing the appeal from the probate court,

and that the claims of the Lewiston National Bank and the final account of J. Howard Howe, administrator, with reference to such claims are still pending in the probate court, upon the objections and exceptions of the heirs and parties appearing against the allowance of such claims.

Judgment affirmed.   Costs awarded to respondent.

Sullivan, C. J., and Ailshie, J., concur.

Petition for rehearing denied.