(No. 6626.   May 10, 1939.)

GEORGE F. SCHWARZE, Appellant, v. EARNEST F. LOGAN, Jr., Respondent.

[90 Pac. (2d) 692.]

E. A. Owen, for Appellant.

William W. Renfrew and Hoyt E. Ray, for Respondent.

HOLDEN, J.—H. J. Schwarze, a resident of Bonneville county for many years, died intestate June 29, 1926. He left two sons surviving him, one a resident of the State of Washington and the other, appellant—49 years of age—a resident of the State of Idaho. On request of a sister of decedent, a resident of the State of Missouri, respondent filed a petition for appointment as administrator of the Schwarze estate. Appellant filed written objections, or opposition, to the petition, and also petitioned for letters. The probate court overruled the objections, denied appellant's petition and appointed respondent. On appeal to the district court, the order of the probate court appointing respondent was affirmed. From the judgment of the district court affirming the order of the probate court, an appeal was prosecuted to this court.

Appellant contends, under the statute fixing the order of priority in right of administration, he is entitled to letters, and that the sister of the decedent has no statutory right to nominate the respondent. The sections of the statute bearing upon the contention are:

"15–312, I. C. A. Priorities in right of administration:

Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

1. The surviving husband or wife or some competent person whom he or she may request to have appointed.

2. The children.

3. The father or mother.

4. The brothers.

5. The sisters.

6. The grandchildren.

7. The next of kin entitled to share in the distribution of the estate.

8. Any of the kindred.

9. The public administrator.

10. The creditors.

11. Any person legally competent."

. . . . . . . . . . . . .

"15–316, I. C. A. Disqualifications.

No person is competent to serve as administrator or administratrix who is:

1. Not a *bona fide* resident of the state.

2. Under the age of majority.''

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"15–321, I. C. A.   Contest of application.

Any person interested may contest the petition by filing written opposition thereto, on the ground of the incompetency of the applicant, or may assert his own rights to the administration and pray that letters be issued to himself. In the latter case the contestant must file a petition and give the notice required for an original petition, and the court must hear the two petitions together.''

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"15–322, I. C. A.   Hearing of application—order—

On the hearing, it being first proved that notice has been given as herein required, the court must hear the allegations and proofs of the parties, and order the issuing of letters of administration to the party best entitled thereto.''

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"15–324, I. C. A.   Applicant entitled to letters.

Letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, when such persons fail to appear and claim the issuing of letters to themselves.''

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"15–326, I. C. A.   Grant to person not entitled.

Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled, filed in the court.''

.   .   .   .   .   .   .   .   .   .   .   .   .   .

"15–328, I. C. A.   Revocation of letters.

When letters of administration have been granted to any other person than the surviving husband or wife, child, father, mother, brother or sister of the intestate, any one of them who is competent, or any competent person at the written request of any of them, may obtain the revocation of the letters and be entitled to the administration, by presenting to the court a petition praying the revocation, and that letters of administration may be issued to him.''

The question is, whether under these sections of the statute, a son of a deceased person residing in the State of Idaho, has priority in right of administration over the nominee of a sister and creditor of a deceased person residing in another state. In the case at bar, appellant, being a son of deceased, and a resident of the state, falls into class numbered two of section 15–312, *supra*. The sister, if a resident, would fall into class numbered five of that section, but being a non-resident, she could not, and she does not, fall into that class (section 15–316, *supra*). Consequently, she is not vested with right of nomination on account of relationship. Even though she were a resident of Idaho, appellant would still have a prior right of administration in that he is in class numbered two, and she, in that case, in class numbered five. Nor, conceding the sister of the decedent to be a creditor of the deceased, could that fact give respondent priority because as a creditor, whether non-resident or resident, she would fall into class numbered ten, section 15–312, *supra*.

Respondent, however, contends appellant by waiting ten months before filing his petition, waived his priority under section 15–312, *supra*, and where a person fails to appear and claim letters the court may exercise its discretion. It is true appellant waited approximately ten months before filing his petition, but it is not true he failed to appear and claim letters. Having appeared before respondent's appointment and objected to the issuance of letters to him, and at the same time claimed letters for himself, the probate court should have denied respondent's application and appointed appellant for the reason that under the provisions of section 15–328, *supra*, appellant could immediately file a petition for revocation of the letters, ''and that letters of administration be issued to him.'' So why appoint respondent on his petition and then promptly remove him and appoint appellant on his? As held by this court in the *Estate of Daggett,* 15 Ida. 504, 512, 98 Pac. 849, ''courts will not do or permit to be done vain and useless things when they can be avoided by the application of the law to the facts as they are presented to the court. While it is true that Sec. 5366 (Sec. 15–328, *supra*) in terms applies when letters have al-

ready been issued, yet, as stated in the principal opinion, when the facts contained in Sec. 5366 are presented to the probate court upon the hearing of a petition for letters, the court will construe said section in connection with secs. 5365 (Sec. 15–326, *supra*) and 5351 (Sec. 15–312, *supra*) and not make an appointment of an administrator, which under the provisions of Sec. 5366 would immediately be subject to removal upon the application of any of the class enumerated in said section or the nominee of such person. When the conditions provided for in Sec. 5366, are presented to the court at the original hearing for letters, then it is the duty of the probate court to construe said section in connection with the other sections and issue the letters to the person qualified to receive the same under the provisions of said section, and not do a useless and unnecessary thing by appointing some other person whose removal would be compulsory upon the application of any one of the class or the nominee thereof mentioned in said Sec. 5366.''

Judgment of the district court is reversed and cause remanded with instructions to reverse its judgment affirming the judgment of the probate court, and reverse the order of the probate court appointing respondent, and remand the cause to the probate court for further proceedings in accordance with the views expressed in this opinion.

Costs awarded to appellant.

Ailshie, C. J., Budge, Givens, Morgan, JJ., concur.