(No. 6884.   December 16, 1941.)

J. K. VAUGHT, Appellant, v. S. W. STRUBLE, Re-
. spondent.

(120 Pac. (2d) 259)

Leo M. Bresnahan and Frank Croner, for Appellant.

Bissell & Bird and Charles Scoggin, for Respondent.

BUDGE, C.J.—Nels Peterson, a single man, died in Boise, Ada County, on May 10, 1940, at which time he owned an estate valued at $27,000 located in Camas County, his place of residence. On the date of Peterson's death, appellant made application to the probate court of Camas County to be appointed special administrator of the Peterson estate which application was granted.

On June 5, 1940, appellant visited the office of the probate judge having in his possession a petition for appointment as administrator of the Peterson estate. There is evidence to the effect that the application was incomplete. June 7, 1940, appellant again visited the probate judge's office and requested all papers in connection with his application for appointment as administrator be filed as of June 5, 1940, which request was acceded to by the probate judge. However, later on a controversy arose between appellant and the probate judge as to whether or not the papers were filed or should have been filed on June 7th instead of June 5th. The trial court found that appellant's petition was filed on June 7, 1940.

On June 5, 1940, respondent, public administrator of Camas County, filed a complete application for his appointment as administrator of the estate of Peterson.

Hearings upon both applications were set for June 17, 1940. Prior to the hearing of the aforesaid applications,

appellant filed with the probate court, first a motion for change of venue supported by affidavits and certain exhibits; second, a motion to correct the record to show that his application for appointment as administrator was filed on June 5, 1940, and had been incorrectly indorsed, or the indorsement changed to, June 7, 1940; third, a motion to strike directed against the petition for letters of administration to respondent filed on June 5, 1940; fourth, a motion contesting the appointment of respondent.

The motions for change of venue, to correct the record, and to strike were by the probate court denied, and the court proceeded to a hearing of the respective applications which resulted in an order denying appellant's application and granting respondent's application for appointment as administrator of the Peterson estate. From the above orders this appeal is prosecuted.

The notice of appeal contains the following language:

" * * * * the above named Appellant * * * * hereby appeals to the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Camas, from the following Orders, and each of them, of the said Probate Court, made and entered in the above entitled court and cause on or about the 17th day of June, 1940, and from the whole of said orders and each of them, to-wit:

"The Order of said Probate Court refusing to grant letters of Administration of the Estate of Nels Peterson Deceased, to the appellant, J. K. Vaught, made and entered in said Court and cause as aforesaid.

"The Order of said Probate Court granting Letters of Administration of the Estate of Nels Peterson, Deceased, to the Respondent, S. W. Struble, Public Administrator of said Camas County, Idaho, made and entered in said Court and cause as aforesaid.

"These appeals, and each of them, are taken upon questions of both law and facts."

In other words, as we construe the Notice of appeal, appellant has appealed from the order of the court refusing to grant him letters of administration, and from the order of the court granting respondent's application;

that no appeal was taken from the orders of the court denying the motions for change of venue, to correct the record, and to strike.

In this connection it might be observed that the right of appeal is purely statutory, and that, there being no statute providing for an appeal from an order of a probate court denying a motion for change of venue, or to correct the record, or to strike, the attempted appeal from said orders is ineffectual.

"We believe it will at once be admitted that the right to appeal at law is and always has been purely statutory, and that the legislature may prescribe in what cases, under what circumstances and from what courts appeals may be taken." (*Weiser v. Middle Valley,* 28 Ida. 548, 552, 155 Pac. 484.)

"The right of appeal from the probate court to the district court is wholly of statutory regulation, and where the right of appeal is challenged, it must appear from the provisions of the statute that such appeal is provided for." (*Estate of Coryell,* 16 Ida. 201, 211, 101 Pac. 723; also, see *Smith v. Peterson,* 31 Ida. 34, 169 Pac. 290; *State v. Ricks,* 34 Ida. 122, 201 Pac. 827; *Miller v. Gooding Highway District,* 54 Ida. 154, 30 Pac. 2d 1074.)

This appeal is governed by I. C. A., section 11-401, as amended by Chapter 71, Session Laws, 1935, which chapter specifies the particular judgments or orders in probate matters that are appealable. An examination of the statute will disclose that no appeal is provided to the District Court from the three motions heretofore referred to.

Coming now to appellant's assignments of error 4 and 5, which may be considered together, namely, that the trial court erred in affirming the order of the probate court granting letters of administration to respondent.

Upon this point appellant's contention cannot be upheld for the reason that under the provisions of I. C. A., section 15-312, public administrators are given prior right to appointment as administrator, conceding for the present that appellant is a creditor, which is the ground

upon which appellant seeks to bottom his appointment as administrator.

Section 15-312, supra, provides inter alia:

"Administration of the estate of a person dying intestate *must be granted* to some one or more persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

\*    \*    \*    \*    \*    \*    \*    \*    \*

"9.   The public administrator.

"10.   The creditors." (Italics ours.)

The statute is mandatory and barring disqualifications, the parties named must be appointed as heretofore indicated.

"Priority in rights of administration is provided by sec. 5351, Rev. Codes [now 15-312, supra.] \* \* \* \*." (*Wright v. Merrill*, 26 Ida. 8, 12, 140 Pac. 1101; also see *Schwarze v. Logan*, 60 Ida. 251, 90 Pac. 2d 692.)

"Statutes which establish priorities of those preferentially entitled to administer estates are mandatory, and may not be disregarded by courts, if the person entitled to the preference is not otherwise disqualified \* \* \* \*." (*In re Webb's Estate*, 90 Colo. 470, 10 Pac. 2d 947.)

"It is the law that the provisions of the statute relative to the priorities of appointment are mandatory, and the court has no discretion but to appoint one preferred by statute, if otherwise competent." (*In re Taylor's Estate*, Nev. 114 Pac. 2d 1086, 1088; see also *In re Rodeler's Estate*, 110 Oregon 147, 222 Pac. 301; 23 C. J. 1033, 1034, and cases in the notes.)

"The right of particular persons or classes of persons to act as administrator of a decedent's estate is controlled entirely by statute." (21 Am. Jur. 407.)

There would seem to be one justification that may be urged for not following the provisions of the statute heretofore cited, as to priority. (I. C. A., section 15-324, provides:

"Letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, when such

persons fail to appear and claim the issuing of letters to themselves."

This statute has no application to the facts herein, since respondent did not fail to appear before the probate court within a reasonable time and claim the issuing of letters of administration to him as public administrator of Camas County, and by reason of his priority over appellant under the statute was entitled to be appointed administrator.

There is no merit in appellant's assignment of error No. 6 for the reason that the motions for change of venue, to correct the record, and to strike were not subject to review on appeal and were not issues before the trial court upon the trial de novo. Therefore there were no questions of law to be first tried separately from questions of fact.

Appellant's assignment of error No. 7, namely, the motion to correct the record, not being properly before the trial court, the admission of the testimony of Margaret S. Geisler was wholly immaterial and in no way prejudicial to appellant.

Appellant seeks to make the point that the public administrator of Camas County is not entitled, under any circumstances, to letters of administration of the Peterson estate since Peterson did not die in Camas County, and calls attention to I. C. A., section 15-1602, which so far as material herein provides:

"Estates to be administered.—Every public administrator, duly qualified, must take charge of the estates of persons dying within his county, as follows:

\*      \*      \*      \*      \*      \*      \*      \*      \*

"2.   Of the estates of decedents who have no known heirs."

I. C. A., section 15-1602, supra, does not require the public administrator to take out letters of administration but to take charge of the estate of persons dying in his county who have no known heirs. His right as public administrator is contingent and subject to termination should application for appointment be made by some other person having a prior right and otherwise qualified.

Neither does it mean that a public administrator may not be appointed according to his classification under I. C. A., section 15-312, supra.

The court found:

"That Nels Peterson died intestate on or about the 10th day of May, 1940, in the County of Ada, State of Idaho; that said deceased at the time of his death, was a resident of the County of Camas, * * * *; that said deceased left estate in said County of Camas, * * * * consisting of both real and personal property of the approximate value of $27,000.00 and which property is within the jurisdiction of this court."

The record discloses that Peterson, deceased, was brought from Fairfield, Camas County, to Boise, Ada County, by appellant on May 7, 1940, and taken directly to a hospital for medical treatment, being at the time seriously ill, and as a result of said illness, died on May 10, 1940. His body was returned to Fairfield for burial.

If we understand appellant's contention correctly, it is that by reason of the statute cited, supra, and the fact that Peterson died in Ada County and not in Camas County, his place of residence, under no circumstances could respondent, as public administrator of Camas County, be granted letters of administration of Peterson's estate, and in support of the above contention appellant relies upon section 15-1602, supra, and the case of Estate of De-Nuncio, 58 Ida. 60, 70 Pac. 2d 370.

▆▆▆ Without wishing to be understood as waiving my views as expressed in the dissenting opinion in the De-Nuncio case, the law announced in the majority opinion is the law of that case, and will govern in subsequent cases involving parallel facts. The facts in the instant case are not parallel to the facts in the DeNuncio case. Here, as is set out in the petition of both appellant and respondent, there were *known heirs,* namely, a brother and nephew residing in Sweden who are here by their attorneys protesting the appointment of appellant and urging the appointment of respondent. The record fully

supports the conclusion that appellant is not a relative of Peterson, deceased, neither was he a creditor.

From what has been said, it follows that the judgment of the trial court should be affirmed and it is so ordered. Costs to respondent.

Givens, Morgan, Holden, and Ailshie, JJ., concur.