[No. 18051. Department One. — February 27, 1893.]

In the Matter of the Estate of JAMES A. WOODS, Deceased.

Estates of Deceased Persons — Right of Administration — Guardian of Minor Heir — Written Request. — A guardian of a minor heir, not being one of the persons named in section 1365 of the Code of Civil Procedure to whom administration must be granted, cannot, by a written request, confer upon another person the right to administer.

Appeal from an order of the Superior Court of Sacramento County denying an application for letters of administration, and granting letters to the public administrator.

The facts are stated in the opinion of the court.

*Hall & Dunn*, for Appellants.

*Johnson, Johnson & Johnson*, for Respondent.

The Court. — C. M. West and George F. Bronner, public administrator, were contestants for letters of administration of the estate of James A. Woods, deceased. The court made an order denying the application of West, and granting letters to Bronner; and West appeals from the order.

The only heirs of said Woods, deceased, were three minor children, and appellant offered to prove that Susan Sherwood was their only appointed guardian, and that said guardian had made a written request for the appointment of said West as administrator. An objection to this evidence was sustained by the court, and appellant excepted. West founded his claim to be appointed administrator solely upon said request of said guardian. We think that the court was right in its ruling.

Section 1365 of the Code of Civil Procedure declares that administration upon estates shall be granted to some person belonging to one of ten specified classes, who shall be entitled in the order named; and the

guardian of a minor is not one of the persons therein named.   Section 1369 declares that a minor is not competent or entitled to serve as administrator.   Section 1379 provides that " administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled."   Section 1368 provides: "If any person entitled to administration is a minor, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court."   No doubt these sections are somewhat confusing as to the point whether a minor is a " person entitled," and therefore as to whether the guardian of a minor may be granted letters.   But assuming, for the purposes of this case, that the guardian herself had some right to letters, still she had such right merely as representative, or in place of the minor.   She does not come within any one of the classes of persons enumerated in section 1365 as persons to whom administration must be granted; and therefore her written request could not confer upon appellant the right to administer.

The order appealed from is affirmed.