[No. 1385.]

## IN THE MATTER OF THE ESTATE OF W. W. NICKALS, DECEASED.

PROBATE LAW—ADMINISTRATOR, WHO PREFERRED.—Where all parties applying for letters of administration are equally qualified and competent the court has no discretion, but must appoint the applicant that, under the statute, has the prior right.

IDEM—NON-RESIDENT GUARDIANS.—Except as a matter of comity, in exceptional cases, a guardian of a minor appointed in one state is not recognized as such in another state.

IDEM—STATUTES CONSTRUED.—Section 2724 Gen. Stats of Nevada, providing that letters of administration shall issue to the guardian of a minor, instead of to the minor himself, refers to a guardian appointed in this state and not to one appointed in some other state. ·

(Syllabus by BIGELOW, J.)

APPEAL from the District Court of the State of Nevada, Eureka county.

*A. L. Fitzgerald*, District Judge.

The facts fully appear in the following statement by the justice delivering the opinion.

The testator, a resident of Eureka county, in this state, died October 25, 1892, leaving a wife and six minor children, his mother, and a sister, Mrs. Isabella M. Loucks. By his will, executed in 1889, the widow was appointed executrix, but it is alleged that she left this country for Germany in September, 1892, and has never since been heard of. The children and the testator's mother are residents of Oakland, Cal., and Mrs. Loucks is a resident of Eureka county, Nevada. The widow having failed to take out letters testamentary, Mrs. Loucks, on March 20, 1893, made application that letters of administration with the will annexed issue to herself and one Marshall Rich, who she asked to be joined with her in the administration. The testator's mother also asked that they be appointed. G. W. Flick, a resident of Oakland, Cal., who had been appointed by the courts of California guardian of the minor children, opposed this application, and asked that letters be issued to himself, upon the ground that as such guardian he had the preferred right thereto. Upon the hearing it was ordered that letters issue to him, and Mrs. Loucks and Rich appeal.

*Rives & Judge*, for Petitioner.

I. The appointment of Flick was not requested by the minor children, and his sole claim rests upon the fact that he is the guardian of the persons of the minor heirs of the deceased and of their estate in California. He cannot be recognized in this state as having the slightest authority as guardian over any property distributable to the minor heirs. He has never been appointed, nor has he ever given bonds, or otherwise qualified in this state.

II. A sister and another whose appointment is requested by both the sister and the mother of a deceased person, are entitled to preference as administrators of the decedent's estate over a non-resident guardian, appointed by a foreign court, of the persons of the deceased's minor children. (*In re. Woods Estate*, 32 Pac. Rep. 516; *In re. Bedell Estate*, 32 Pac. Rep. 323; *In re. Bauquier's Estate*, 26 Pac. Rep. 178; *In re. Dorris Estate*, 29 Pac. Rep. 244; *In re. Hyde's Estate*, 30 Pac. Rep. 804.)

*R. M. Beatty*, and *Baker, Wines & Dorsey*, for Respondent.

I. Respondent is the legally appointed guardian of the six

minor children of the deceased, and as such he is entitled to letters of administration under our statute, in preference to every person whomsoever, save and except the widow alone. (Sec 57, Probate Act.)

By the Court, BIGELOW, J. (after stating the facts as above):

The only question involved in this appeal is, who has the preferred right to letters of administration upon the estate of the deceased. There is no dispute concerning the facts, and there is neither allegation nor proof that either of the appli- cants is not duly qualified to discharge the duties of the trust. It consequently becomes simply a matter of statutory construc- tion, as the right to the appointment is given by law, and the court has under these circumstances no discretion concerning it. (*Coope* v. *Lowerre*, 1 Barb. Ch. 45; *Estate of Pacheco*, 23 Cal. 480; *Estate of Bauquier*, 88 Cal. 302, 310; *Hayes* v. *Hayes*, 75 Ind. 395, 398; 1 Woerner's Law of Adm'n. Sec. 242.)

Gen. Stats. Sec. 2719, provides the following order for the appointment of administrators: "First. The surviving husband or wife, or some person as he or she may request to have ap- pointed. Second. The children. Third. The father or mother. Fourth. The brothers. Fifth. The sisters Sixth. The grand- children. Seventh. Any other of the kindred entitled to share in the distribution of the estate. Eighth. The public adminis- trator. Ninth. The creditors. Tenth. Any of the kindred, not above enumerated, within the fourth degree of consan- guinity. Eleventh. Any person or persons legally competent."

Section 2722: " No person shall be entitled to letters of ad- ministration who shall be: First, under the age of majority."

Section 2724: " If any person entitled to letters of admin- istration shall be a minor, administration shall be granted to his or her guardian."

Section 2733: "Administration may be granted to one or more competent persons, although not entitled to the same, at the request of the person entitled to be joined with such per- son."

Section 2734: " When letters of administration have been granted to any other person than the surviving husband or wife, the child, the father, mother, or the brother of the in- testate, any one of them may obtain the revocation of the let- ters by presenting to the probate court a petition praying the

revocation and that letters of administration be issued to him or her."

As suggested in *Estate of Woods*, 97 Cal. 428, concerning a similar statute, there is doubtless some difficulty in construing and harmonizing these somewhat conflicting sections so as to determine when the guardian of a minor will have a preferred right to letters of administration over other applicants, but we do not find it necessary to consider the matter here. It is admitted that the respondent has no right to the letters except under his appointment as guardian by the California court, and as such, we are of the opinion that he does not come within the meaning of section 2724. Except as a matter of comity, and to a very limited extent, guardians appointed in one state are not recognized as such, or as having any power or authority in any other state. Speaking of an English decision holding the authority of an English guardian sufficient to institute a suit for the personal property of his ward in Scotland, Judge Story says: "It has certainly not received any sanction in America in the states acting under the jurisprudence of the common law. The rights and powers of guardians are considered as strictly local, and as not entitling them to exercise any authority over the person or personal property of their wards in other states, and upon the same general reasoning and policy which have circumscribed the rights and authorities of executors and administrators." (Story, Confl. Law, Sec. 499.) The same rule applies to real estate. (Id. Sec. 504.) This language is repeated and approved in Whart. Confl. Laws, Sec. 261, and in *Hoyt* v. *Sprague*, 103 U. S. 613, 631, and is certainly the law as understood and administered in the United States. (Cooley. Const. Lim. 414; Schouler, Dom. Rel. 445; *Leonard* v. *Putnam*, 51 N. H. 247.) In other words, as to any other state than the one of the appointment, except as a matter of comity, he is no guardian and has no rights as such. On the other hand, we have in Gen. Stats. Sec. 548, et seq., a complete system for the appointment of guardians of minors by our own courts, who would in this state be vested with all the authority that a guardian could have anywhere, and to our minds it is very clear that it was this kind of a guardian, instead of one that has no authority or responsibility, that the legislature had in mind in the enactment of section 2724, regulating the settlement of the estates of deceased persons.

The statute of 1887, p. 58, authorizing the payment of money in certain cases to guardians appointed in other jurisdictions, rather strengthens than otherwise this view, as it tends to prove that without such statutory authority the guardian appointed in another state has no standing before our courts.

It follows that the appellants have the preferred right to the letters of administration in this case, and should have been appointed.

The order is reversed, with directions to the district court to issue letters to the appellants, upon their taking the oath of office and giving the necessary bonds.