OF THE

## STATE OF IOWA

AT

## DES MOINES, JANUARY TERM, 1909,

AND IN THE SIXTY-THIRD YEAR OF THE STATE.

---

In Matter of the Estate of JOHN WEAVER, Deceased, FRANK WEAVER, Appellee, v. GEORGE M. LAMB, Administrator et al., Appellants.

Administrators: NEXT OF KIN. A brother is not next of kin within the contemplation of the statute relating to the administration of estates, where a son survives the deceased; and he cannot complain of the appointment of an administrator nominated by the son, in the absence of a showing that the interests of the estate or some beneficiary require a different appointment.

*Appeal from Tama District Court.*—HON. J. M. PARKER, Judge.

TUESDAY, JANUARY 12, 1909.

*Reversed* and *remanded.*

*J. W. Lamb* and *Willett & Willett,* for appellants.

*Struble & Stiger,* for appellee.

EVANS, C. J.—The decedent John Weaver died intestate on January 10, 1907, and his funeral occurred on January 11, 1907. He left no widow surviving him. He left surviving him, however, one son, J. W. Weaver, of Oklahoma, his only child. Substantially all of his estate consisted of $528 in money, which was upon his person at the time of his death. He was a resident of Tama County, and died in such county. On January 29th the attorney of the son, J. W. Weaver, acting in his behalf, obtained from the district judge of that county sitting in chambers a formal order for the appointment of George M. Lamb, a resident of Tama County, as administrator of the estate, fixing the amount of his required bond at $2,000. Such order, together with the proper bond, was presented to the clerk and filed, and letters of administration were issued and delivered on January 31st. Notice of such appointment was published in due form for three weeks, on February 7th, 14th, and 21st. On February 9th the appellee Frank Weaver, a brother of the deceased, filed his application that he be appointed administrator of the estate. On February 16th, he filed a petition asking the removal of appellant George M. Lamb, on the general ground that his appointment had been obtained by fraud and by imposing upon the court. In his application, and also in his petition, Frank Weaver averred that he was a brother and next to kin to the deceased, and expressly averred that the deceased left no widow nor child surviving him. On March 1st the appellee filed a substituted petition, wherein he averred that the deceased did leave surviving him a son, J. W. Weaver, of Okla-

homa.    He conceded that such son would have been en-
titled to be appointed as administrator in preference to
himself if he had availed himself of his right under the
statute within the time provided therein.    But he averred
that the son had lost his right to such appointment by lapse
of time, and that he had no right to obtain the appoint-
ment of a stranger, and that the appellee had the abso-
lute right, under the statute, to such appointment as "next
of kin."    This was the theory upon which the case was
tried.    No claim was made upon the hearing that the
appellant Lamb was in any way unsuitable, nor that any
fraud or imposition was practiced upon the court in ob-
taining his appointment.    The appellant J. W. Weaver
appeared in person to resist the application of the ap-
pellee, and to sustain the appointment of the appellant
Lamb as having been made in his behalf.    The case was
tried upon the record and upon an agreed statement of
facts.    In such agreed statement no effort was made to
show the relative suitability of the contending parties,
further than that it was made to appear that the appellee
could neither read nor write, and was seventy-six years of
age.    The trial court reached the conclusion that the appellee
was entitled to the appointment as a matter of statutory
right, because of the failure of the son, J. W. Weaver,
to obtain his own appointment.    The appointment of the
appellant Lamb was therefore set aside, and the appellee
was appointed in his stead.    From this order George M.
Lamb and J. W. Weaver appeal.

Code, section 3297, provides that, where an executor
is not appointed by will, administration shall be granted:
(1) To the husband or wife of the deceased; (2) to his
next of kin; (3) to his creditors; (4) to any other person
the court may select.    The argument in support of the
action of the court is, in substance, that the brother of the
deceased was a "next of kin"; that although the son was
a nearer kin, and his right to administration had prefer-

ence over the right of the brother, yet upon his failure to
exercise that right within the time provided by the stat-
ute, he lost it, and that the brother was then entitled to
take his turn.   This argument involves the question of the
right of a party preferred under the statute to nominate a
stranger in his stead, and considerable of the argument of
counsel is devoted to that question.   We shall have no oc-
casion to go into that question in the determination of
this case.   The fallacy which has entered into the argu-
ment supporting this proceeding is the assumption that a
brother of a decedent is necessarily a "next of kin."   In
the primary meaning of this term the next of kin of a
decedent are the persons nearest in degree of blood surviv-
ing him.   16 Am. & Eng. Ency. 703.   No relative can be
said to be "nearest" in degree of blood if some one else
be "nearer."   If a decedent leave neither parent nor lin-
eal descendant surviving him, then surviving brothers and
sisters would be nearest in blood, and "next of kin."   In
its practical use in public statutes the term "next of kin"
has come to mean ordinarily those persons who take the
personal estate of the deceased under the statutes of dis-
tribution.   Inasmuch as the statutes of distribution vary
in different states, the meaning of this term is subject to
the same variation.   Whether we adopt the primary mean-
ing of the term or its more practical meaning, as derived
from its use in the statute, there can be no question, under
the law of this State, but that J. W. Weaver was the de-
cedent's only heir at law, and his only next of kin.   The
brother, appellee herein, was therefore not a next of kin.
The statute quoted confers upon him no right nor privilege
whatever with reference to the estate of the decedent.
The fair inference from the record is that there were no
known creditors.   The son was therefore the only person
interested in the estate to any extent.   The first action
of the court in appointing Lamb upon the application of
the son was eminently proper.   In the absence of some

showing that the appointment was improper, or that a change was required by the interests of the estate as a whole, or by the interest or right of some beneficiary of the estate, such appointment should not have been set aside. In view of the fact that J. W. Weaver was the only person who had any interest in the estate, and that Frank Weaver was, in legal effect a stranger to the estate, without interest therein, and without statutory right to administer, his petition should have been dismissed at his cost.

The order of the court below is therefore reversed, and the case will be remanded for further action consistent with this opinion.—*Reversed.*