*E. R. Bevins* for respondents.

IN THE MATTER OF THE ESTATE OF
FREDERICK MEYER, DECEASED.

No. 1244.

APPEAL FROM CIRCUIT JUDGE FIRST CIRCUIT.
HON. J. T. DeBOLT, JUDGE.

ARGUED SEPTEMBER 20, 1920.          DECIDED OCTOBER 5, 1920.

COKE, C. J., EDINGS, J., AND CIRCUIT JUDGE BANKS
IN PLACE OF KEMP, J., ABSENT.

ESTATES—*rights to letters of administration—order of priority.*

Under section 2490 R. L. 1915 the first right to receive letters of administration is accorded to the wife of a deceased husband and the second right thereto is in the children of decedent who have reached their majority, but the widow is not entitled by filing her written request for the appointment of a stranger to the estate to advance the stranger to the same class and rank which she enjoys and especially is this true under a statute which recognizes no right of nomination in those entitled to administer.

SAME—*same—same.*

Our statute requires that the order of priority contained therein be observed by the probate judge unless satisfactory

cause is shown which in the eyes of the law will justify a dis-
regard of the order of priority.

SAME—*same—same.*

A mere show of hands or a poll of the heirs of the decedent
by which a majority register a preference for the appointment of .
a stranger to the exclusion of a son of legal age who is in all
respects shown to be qualified does not in our opinion constitute
a satisfactory cause.

SAME—*same—same—effect of nomination of stranger by widow.*

In the present case the widow by nominating a stranger as
administrator of the estate attempted to arrogate to herself a
right which the laws of this Territory do not confer, hence the
effect of her action was to renounce her own right to the appoint-
ment and to pass it on to those within the next group in the
order of priority; that is, to the children of legal age.

OPINION OF THE COURT BY COKE, C. J.

Frederick Meyer, a resident of Waianae, Island of
Oahu, died intestate on or about the 22d day of August,
1919, leaving an estate within the jurisdiction of the cir-
cuit court of the first judicial circuit in real and personal
property of the estimated value of $26,000. Deceased
left surviving him Mary Kukila Meyer, his widow, also
six adult children, and a number of minor grandchildren,
the offspring of three deceased children. Subsequently
to the death of Meyer his widow filed a petition in the
circuit court of the first circuit at chambers in probate
praying for the appointment of J. M. Dowsett of Hono-
lulu as administrator of the estate of the deceased.
Shortly thereafter John J. Meyer, the second surviving
son of the deceased, filed in said court a petition for the
appointment of himself as administrator of the estate.
This petition was joined in by George Meyer, the oldest
son of the deceased. At the hearing of these petitions
before the judge of the probate court John J. Meyer's
qualification to act as the administrator of the estate of
his deceased father was, we think, amply established. He

was shown to be a man thirty-two years of age, who is and for the past eleven and one-half years has been chief clerk of the U. S. naval station at Pearl Harbor, Oahu, and in charge of a staff of about 150 men. The other four children of the deceased were present at the hearing and in open court signified their desire to have Mr. Dowsett appointed. The probate judge thereupon made an order appointing Mr. Dowsett the administrator of the estate of the deceased fixing the administrator's bond at the sum of $30,000. From this order the appellant John J. Meyer has perfected an appeal to the supreme court.

The qualifications and fitness of Mr. Dowsett to perform the duties of the trust are not questioned, the sole contention of the appellant being that as Mr. Dowsett is an entire stranger to the estate the probate judge was unauthorized by reason of the provisions of section 2490 R. L. 1915 to disregard the order of priority therein designated respecting the appointment of administrators. Section 2490 reads as follows:

"Appointment of administrators, priority. In the appointment of administrators upon the property of deceased persons, the following order of priority shall be observed:

1. The husband of a deceased wife;
2. The wife of a deceased husband;
3. The children being major;
4. The brothers and sisters of the deceased;
5. The cousins germane of the deceased;
6. Any bona fide creditor applying for administration;

"Provided, however, that the judge may, for satisfactory cause, disregard the order of priority herein prescribed."

The rule of law applicable to the question now before the court is stated in Cyc. as follows: "The right of particular persons to administer on the estate of a decedent

and the priority of right between two or more persons who ask for the issuance of letters to them are matters which are entirely regulated by statute; and the grant of administration must be to persons in the order and under the contingencies provided by the local statute, the court having as a rule no discretion in the matter, save where there are two or more persons equally entitled under the statute or where a question arises as to the fitness or qualifications of the person or persons primarily entitled to the appointment, or where the preference is given to two or more persons or classes of persons in the alternative. Where all the persons who under the statute have a right to administer have renounced or otherwise lost their right the court has a considerable discretion in the appointment of the administrator." (18 Cyc. 83, 84.) Under the early common law rule the court was entitled to make a grant of administration to whom it pleased but this subject is now generally regulated by statutes similar in import to the statutory provisions of this Territory. The priority of right is based primarily on nearness of relationship and extent of interest. These laws are in accord with natural justice and are based on the assumption that ties of marriage and consanguinity, and the effect of personal interest, will lead the persons enumerated in the statute in the order named to exercise care and attention in the management of the estate. In most jurisdictions the first right to receive letters of administration is accorded to the surviving husband or wife and the second to the children of decedent. This rule is in accord with our own statute. Not infrequently the statute permits the surviving spouse to nominate the administrator, in which case such nominee must be appointed unless shown disqualified. But no such right of nomination is recognized under the statutes of Hawaii.

The question here involved has frequently been pre-

sented to courts throughout the country where statutes bearing more or less similarity to our own have had consideration. One of the early cases is *Cobb* v. *Newcomb,* 19 Pick. 336. In that case the chief justice of the supreme court of Massachusetts in writing the opinion laid down the rule to be that "The right of administration may often be a valuable one, and is now to some extent fixed by law and does not depend upon the mere judicial discretion of the judge. * * * The right is first in the widow and next of kin, either or both, as the judge may order. In the present case the widow renounced her claim; but this did not give her the right to nominate another person to the exclusion of the next of kin." And see also 28 N. J. Eq. 236. The Pennsylvania rule is stated as follows: "It has never been understood, as is contended, that the widow or next of kin, or both combined, having the greatest stake in the estate, can pass by any one of the children, or next of kin, competent and willing to take, and vest the appointment in a stranger. The discretion given to the register is limited to a selection from those asking, if competent, in each class in their order. * * * When the widow renounces her right to administer it is the duty of the register to select from the children or next of kin a person or persons competent to perform the duties of administration." *McClellan's Appeal,* 16 Pa. 110. Some of the more recent cases are *Estate of Myers,* 9 Cal. App. 694; *State ex rel* v. *Superior Court of Thurston County,* 52 Wash. 149; *In re Nickals,* 21 Nev. 462; *Hayes* v. *Hayes,* 75 Ind. 395; *Larson* v. *Stewart,* 69 Wash. 223.

The *Myers Estate* case, *supra,* is given prominence in the briefs of appellant. In that case the heirs at law of the deceased were three daughters, to wit, Kate, Sophia and Ann. Kate and Sophia in writing nominated Thomas M. Roche for appointment as administrator while Ann

filed a petition praying for the appointment of herself. Under the California code the surviving wife or husband has the right to nominate some qualified person for appointment and there is a further provision in the code of that state authorizing the granting of letters of administration to one or more competent persons, although not otherwise entitled to the same, at the request of the person entitled, filed in court. In disposing of the question thus presented the California court held that the effect of the nomination by the two daughters, who were entitled to letters, of one not so entitled was to renounce their personal rights to letters; and in such case the rights of the remaining daughter, who did not join in such nomination, were unaffected and remained absolute and the court had no discretion to do otherwise than to grant her petition for letters of administration.

Counsel for appellee refers to *Larson* v. *Stewart*, *supra*, as an authority sustaining the action of the probate judge in the present case. A careful review of this case does not justify the claim which counsel makes for it. The statute of the State of Washington, like that of California and many other States, confers upon the surviving husband or wife the right to nominate the administrator of his or her deceased spouse. It appears in the *Larson-Stewart* case that the deceased left no wife surviving him but did leave several children, two of whom were of legal age and entitled to letters of administration. These two children waived their right to administer and nominated a Mr. Stewart whom the court found to be a suitable and competent person to administer the estate. Martin Larson, a creditor of the deceased, petitioned for appointment. At the conclusion of the hearing the court appointed Stewart and Larson, the creditor, appealed. Under the Washington statute the husband or wife or such person or persons as he or she may request to be

appointed are placed in the first class; the next of kin, first the child or children, second the father or mother, third the brothers or sisters, and fourth the grandchildren, are placed in the second class, while within the third class are the creditors. The statute does not by express terms recognize the right of the children to nominate some suitable person for appointment as administrator of the estate of their deceased parent, but the Washington court construed the statute so as to include that right. In the opinion the court say: "We are not unmindful of the insistence of counsel (for appellant) that each of the conditions named in the proviso must concur before a stranger can be appointed; that is, that there must be no relative or next of kin and that the heirs and creditors must have waived. * * * *And this may be so in so far as the rights of relatives and next of kin are concerned.* But we prefer to hold that it is not so to the extent of giving a creditor preference over the nominee of a preferred class. The right of the creditor is saved when there is due administration," etc. Here the rights of relatives and next of kin are concerned, hence we are dealing with a case entirely dissimilar upon the facts to the Washington case, and unlike the statute of that State the Hawaiian statutes confer no right of nomination whatsoever. In *Estate of Daggett,* 15 Ida. 504, under a statute which confers the right of appointment upon the surviving husband or wife, the court held that one who belongs to a preferred class is not entitled by filing his written request to advance one who belongs to an inferior class to the rank of the one making the request. If this is the correct rule how then may a person who is herself entitled to administer, by filing a request for the appointment of an entire stranger to the estate, advance the stranger to the same rank and class as the one making the request under a statute which recognizes no right of

nomination? If the contention of appellee is sound then the many legislative enactments conferring the right of nomination upon the surviving spouse have been to no purpose because that right exists even in the absence of statute.

Our statute requires that the order of priority contained therein must be observed by the probate judge unless satisfactory cause is shown which in the eyes of the law will justify a disregard of the order of priority. The question here involved then is resolved to this: Was there satisfactory cause to justify the probate judge in disregarding the order of priority?

It is obvious that many causes might be contemplated and shown to exist which the law would recognize as satisfactory and which would justify the probate judge in departing from the order of priority specified in section 2490, but a mere show of hands or a poll of the heirs of the decedent, by which a majority register a preference for the appointment of a stranger to the exclusion of a son of legal age and who is in all other respects shown to be qualified, does not in our opinion constitute a satisfactory cause. The law contemplates something more than a mere showing which is satisfactory to the probate judge in order to warrant a departure from the order of preference set forth in the statute. If the rule were otherwise the judge's discretionary power would be absolute and not reviewable. The statute could thus be abrogated with impunity and at the mere whim or caprice of the judge. The phrase "satisfaction of the court," in the federal statute providing that the facts to justify the naturalization of an applicant shall be established to the satisfaction of the court, shows that a discretion is vested in the court to determine whether an alien is fit for admission, but such discretion is not arbitrary and must be a sound judicial discretion and if opposed is subject to review

and the discretion must be regulated according to known rules of law and is legal and not personal discretion. *United States* v. *Hrasky,* 88 N. E. 1031; 14 Cyc. 384.

In the present case the widow by nominating Mr. Dowsett as administrator of the estate attempted to arrogate to herself a right which the laws of this Territory do not confer, hence the effect of her action was to renounce her own right to the appointment and to pass it on to those within the next group, designated in the order of priority; that is, to the children of legal age. Section 2490 R. L. 1915 means that the order of priority therein set forth shall be observed unless a cause which the law recognizes as satisfactory to warrant a disregard thereof shall have been established. In the present case no such showing was made.

The order appealed from is reversed and the cause remanded to the lower court for proceedings consistent with this opinion.

*B. S. Ulrich* (*Thompson, Cathcart & Lewis* and *C. F. Cook* on the brief) for appellant.

*I. M. Stainback* for appellee.