[Civil No. 2287.  Filed January 3, 1925.]

[231 Pac. 918.]

In the Matter of the Estate of MARGUERITE GRAHAM, Deceased. E. B. McALEB, Appellant, v. MARY BOSCOE, Appellee.

1. EXECUTORS AND ADMINISTRATORS—RIGHT TO LETTERS OF ADMINISTRATION IS STATUTORY IN ORIGIN AND REGULATION, AND CANNOT BE DELEGATED.—Under Civil Code of 1913, paragraph 787, providing the preferential order of persons entitled to appointment as administrator and paragraph 791(4), that one incompetent shall not be appointed, where the husband of decedent is insane, his guardian cannot nominate a substitute to exclusion of persons next in statutory order; right to nominate not being delegable.

2. EXECUTORS AND ADMINISTRATORS—LAW NOT DISQUALIFYING DEBTOR OF AN ESTATE FROM ACTING AS ADMINISTRATRIX, COURT CANNOT DO SO.—That one entitled to letters of administration, is a debtor of the estate is not a statutory disqualification, and court cannot make it so.

See (1) 23 C. J., p. 1044.   (2) 23 C. J., p. 1047.

APPEAL from a judgment of the Superior Court of the County of Cochise. A. M. Sames, Judge. Affirmed.

Mr. Lyman H. Hays, for Appellant.

Mr. O. Gibson, for Appellee.

ROSS, J.—This suit involves the question as to which of the litigants, appellant and appellee, is entitled to letters of administration upon the estate of Marguerite Graham, deceased.

1. Right of person entitled to administer to nominate administrator to exclusion of person next entitled, see notes in 17 **Ann. Cas.** 948; Ann. Cas. 1914A, 1014; 22 **L. R. A.** (**N. S.**) 1161.

2. Who may be executor or administrator, see note in 54 **Am. Dec.** 518. See, also, 11 **R. C. L.** 49.

The intestate died October 4, 1923, in Cochise county, Arizona, and left surviving her Howard P. Graham, her husband, and Mary Jane Graham, a minor child. It appears the husband was insane, and John P. Cummings had been appointed guardian of his person and property, and the grandmother of the minor child had been made her custodian. The appellant claims the right to letters because his appointment was requested by the guardian of the surviving husband, a *non compos mentis;* and the appellee bases her right to letters upon the fact that she is the mother of the deceased. The question then is, whether a person asked to be appointed by the guardian of an incompetent husband is to be preferred to the mother of the deceased in the grant of letters of administration.

Paragraph 787 of the Civil Code of 1913 enumerates the persons who are entitled to letters and the preferential order as between relatives and other persons, placing the husband, or some competent person whom he may request to have appointed, in class No. 1, and the mother in class No. 3. Paragraph 791 provides that—

"No person is competent to serve as administrator or administratrix who is: . . . (4) Adjudged by the court incompetent to execute the duties of the trust by reason of . . . want of understanding . . . "

It is the contention of the appellant that, because the husband himself if sane would have the right under the law to letters, or to designate his substitute, his legal representative may exercise the right, and since Cummings, his legally appointed guardian, had requested his appointment, he and not the mother was entitled to letters.

It is true the appellee is in an inferior class, her right to serve as administratrix being preceded by (1) the husband's and (2) the children's right. Yet

when these latter rights fail, or are waived, or not claimed, the law clearly gives the mother the preferential right to letters. The right of administration is regulated by law, and cannot be delegated by another. If the person first entitled does not choose to qualify, or if the law makes him incompetent, he cannot, nor can his guardian, nominate another as a substitute to the exclusion of the right which the statute gives to those next in order. The right is personal, not delegable. *Curtis* v. *Williams,* 33 Ala. 570; note, *Estate of Weaver* (140 Iowa, 615, 119 N. W. 69), 17 Ann. Cas. 948; 11 R. C. L. 32, §§ 19 and 20; 23 C. J. 1032, § 88.

There is no provision in our statute, as in the statutes of California and other states, providing that, if the one first entitled to serve is incompetent, his guardian may be appointed the administrator. And, since the whole matter is of statutory origin and regulation, we must be guided by the provisions of the statute.

It is also urged that the appellee is a debtor of the estate, and for that reason ought not to be appointed to administer it. The law does not make this a disqualification, and we cannot.

The judgment is affirmed.

McALISTER, C. J., and LYMAN, J., concur.