IN THE MATTER OF THE ESTATE OF GEORGE M. MAALO, LATE OF MAKAWAO, MAUI, TERRITORY OF HAWAII.

No. 1881.

SUBMITTED SEPTEMBER 4, 1929.     DECIDED SEPTEMBER 25, 1929.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY PARSONS, J.

This case is before us upon appeal of Shemiah Kahuakai Iaea, Isaac D. Iaea, Jr., Elizabeth K. Woods, Fannie

98

Wond Hans, Hana Keahi Paaluhi, Gussie Maikani Joao, Ernest Pakamia Iaea and Ano Kanoho from an order of the judge of the second circuit court in probate, denying the request of appellants that Enos Vincent be appointed administrator of the estate of George M. Maalo, deceased, and appointing Harry H. Holt as administrator thereof.

The record shows that under date of May 17, 1928, the decedent, a resident of Makawao, Maui, executed a trust deed of all of his property, real and personal, to William H. Engle of Wailuku and the Pacific Trust Company, Limited, as trustees for the lifetime of the settlor and for the period of twenty years after his death, in trust for uses and purposes therein named, including among others the payment to the settlor of the net income from said property during the remainder of his lifetime and upon his death the payment of the same in equal shares to nine persons therein named, the list of said nine persons including the eight persons hereinabove named as appellants and one other, to-wit: Mrs. Hessie Kahea Cahill, now residing in San Francisco, California. Provision was contained in said instrument for the payment of shares of said income in the event of the death of one or more of the beneficiaries to the survivors and for the division of the corpus of said trust estate at the expiration of the trust. Said instrument also contained a reservation in the settlor of the right by subsequent instrument in writing to make certain named changes in the provisions of said trust. Under date of November 2, 1928, the settlor executed what he designated a "correction of trust deed" whereby the clause above referred to of the former instrument relative to payment of income in the event of death of one or more beneficiaries and to the distribution of the corpus at the expiration of the trust was sought to be amended or modified to express more clearly the intention of the settlor.

On December 8, 1928, George M. Maalo died intestate at Wailuku, Maui, there being due him at that time approximately $3000 as accrued income from said trust property. In addition to the foregoing account, decedent left personal property worth about $1000.

On January 9, 1929, William H. Engle filed in probate in the second circuit court a petition dated December 29, 1928, for the appointment of the Pacific Trust Company, Limited, as administrator of said decedent's estate. At the hearing eight persons who are hereinabove named as appellants appeared by counsel, objected orally to the appointment of the Pacific Trust Company, Limited, as administrator of said estate and filed as an exhibit in the case their request that Enos Vincent, Esq., be appointed such administrator. At the hearing it appeared that the decedent had left surviving him no widow, child, grandchild, brother or sister, and that no creditor had applied for administration of said estate. It further appeared that four of the nine beneficiaries named in said trust deed were grandnieces, that three were grandnephews, that one was a second cousin and one a third cousin of the deceased. It is claimed by appellants that said nine beneficiaries are also decedent's next of kin and his only heirs at law.

The matter having been submitted, the judge, on March 15, 1929, entered an order from which the following excerpt is quoted: "And the court believing that it would be for the best interests of the said estate that neither the Pacific Trust Company, Limited, nor the said Enos Vincent be appointed as administrator thereof and it appearing that there is no person entitled to priority in the appointment as administrator under the laws of the Territory of Hawaii, and the court believing that it would be for the best interests of said estate that Harry H. Holt be appointed as administrator of said estate; it

is ordered that the said Harry H. Holt be and he is appointed as administrator of the estate of the said George M. Maalo, deceased and that letters of administration issue to him upon his filing an approved bond," etc. It is from the order above quoted that appeal to this court has been taken by the eight persons hereinabove named.

The petitioner, William H. Engle, has not appealed from the probate judge's refusal to appoint the Pacific Trust Company, Limited, nor from the order above quoted appointing Harry H. Holt as administrator of said estate. The question presented by appellants is whether or not the probate judge abused his discretion in appointing Mr. Holt as said administrator in view of the fact that the heirs of the decedent joined in the request that Mr. Vincent be appointed such administrator. No question as to the fitness or qualifications, except as hereinabove stated, of the Pacific Trust Company, Limited, of Mr. Vincent, or of Mr. Holt, is raised or involved in the record before us.

Section 2483, R. L. 1925, provides as follows: "In the appointment of administrators upon the property of deceased persons the following order of priority shall be observed:

"1.   The husband of a deceased wife;

"2.   The wife of a deceased husband;

"3.   The children being major;

"4.   The brothers and sisters of the deceased;

"5.   The cousins germane of the deceased;

"6.   Any bona fide creditor applying for administration;

"Provided, however, that the judge may, for satisfactory cause, disregard the order of priority herein prescribed."

Appellants in their opening brief expressly disclaim

any contention that they come within any of the classes of persons named in the above quoted section; and it is apparent from the reading of said section, as was found by the probate judge, that none of the appellants themselves are entitled to priority of appointment thereunder. Even if the appellants had come within one or more of the classes preferred by statute, this fact would not have entitled them to nominate a substitute. Especially is this true under our statute which recognizes no right of nomination in those entitled to administer. See *Estate of Meyer,* 25 Haw. 613. Furthermore, as determined by the case last above cited, if such nomination had been made by a person entitled to appointment within one of the preferred classes, the effect of such action would have been to renounce such person's own right to the appointment and to pass it on to another. By analogy the same rule applies to persons claiming rights to appointment not provided by statute and subordinate to those provided by statute. Under the circumstances above set forth it is unnecessary for us to determine whether or not such rights exist, and if they do exist, to define them. If such rights exist independently of the statute, whatever they may be they are waived by appellants' request for the appointment of a stranger.

There having been no one within any one of the six preferred classes above enumerated entitled to appointment, the court had considerable discretion in the appointment of an administrator. See *Estate of Meyer, supra.* See also 23 C. J. 1034. All known resident heirs and next of kin having waived appointment of themselves or any of their number, the choice of the court lay among persons who were not prospective distributees of said estate. The petitioner asked for the appointment of one and the heirs for the appointment of another such person. Neither petitioner nor heirs had a legal right to enforce

the granting of such a request. In the circumstances recited the appointment of an administrator lay within the discretion of the court. Such discretion is not reviewable except for abuse. The evidence disclosed differences between the heirs and the trustees which had occasioned the employment of counsel by the heirs and which threatened to be the subject of litigation. The court declined to appoint the nominee of either faction, but in lieu thereof appointed a disinterested stranger of its own selection as administrator of the estate. This was a fair exercise of the court's discretionary power in the premises. There having been no abuse of discretion on the part of the probate judge, the order appealed from is affirmed.

*E. R. Bevins* for the petitioner and the administrator.

*Thompson, Cathcart, Beebe & Winn* and *A. E. Jenkins* for contestants.