IN RE ESTATE OF JACOB Z. WRIGHT.

SARAH E. LEMON, Appellant, v. M. I. MASTERSON, Administrator, et al., Appellees.

No. 40052.

APRIL 14, 1930.

*L. L. Ryan* and *J. A. Graham,* for appellant.

*Charles S. White,* for appellees.

GRIMM, J.—Jacob Z. Wright died intestate, and a resident of Audubon County, Iowa, on March 26, 1929, and was buried on April 1, 1929, leaving an estate consisting of both real and personal property. At the time of his death, he was a single man, had never married, left no lineal descendants, and both of his parents had died prior to his death. He left surviving as his only heirs at law his sister, Sarah E. Lemon, the appellant herein, and his nieces, Grace Wright and Mildred H. Wright, and nephew, Harold B. Wright, who were the children of Sherman W. Wright, the brother of the said decedent, who died prior to the deceased.

On April 3, 1929, said niece Mildred H. Wright filed in the office of the clerk of the district court of Audubon County, Iowa, an application, in which she asked the appointment of M. I. Masterson, a resident of the county, as administrator of said estate, and on the same date, the clerk appointed said Masterson as such administrator. On April 6, 1929, Sarah E. Lemon, said surviving sister, claiming to be his "next of kin," filed in said action her motion to set aside the appointment of Masterson, and asked for the appointment of L. C. Bagley, of Audubon, Iowa, as such administrator. In an affidavit, the said Sarah E. Lemon stated that, in the event that the said court did not

see fit to appoint the said L. C. Bagley as administrator, she asked that she be appointed, herself. She was then a resident of Billings, Montana, but promised, if appointed, to remove to Audubon County and to remain there during the pendency of the administration of the estate. This application of the sister's was joined in by Grace Wright and Harold B. Wright.

The case was tried on an agreed statement of facts, and it was conceded that neither Masterson nor Bagley was interested in the estate, either as relatives or creditors, and no objection was made as to the competency of either, or as to the fitness of Sarah E. Lemon.

The issue before the court was whether the appellant, as the sister of said decedent, and being one degree nearer in blood than said Mildred H. Wright, the niece who made the application for the appointment of said Masterson as administrator, was entitled to receive the appointment herself, as such administrator, or to designate the appointee.

It will be noted that the said proceedings were within 20 days following the burial of said decedent. The lower court refused to remove Masterson. Sarah E. Lemon appeals.

I. The sections of the Code of 1927 which are involved in this contest are the following:

"11883. *Administration granted.* In other cases, where an executor is not appointed by will, administration shall be granted to any suitable person or persons on the request and application of:

"1. The surviving spouse.

"2. The next of kin.

"3. Creditors.

"4. Any other person showing good grounds therefor.

"11884. *Time allowed.* To each of the above classes, in succession, a period of 20 days, commencing with the burial of the deceased, is allowed within which to apply for administration."

This court has said:

"If a decedent leave neither parent nor lineal descendant surviving him, then surviving brothers and sisters would be nearest in blood and 'next of kin.' In its practical use in public statutes, the term 'next of kin' has come to mean ordinarily

those persons who take the personal estate of the deceased under the statutes of distribution." *In re Estate of Weaver,* 140 Iowa 615.

It clearly appears that the appellant, sister, and the nieces and nephew are all included within the term "next of kin." It is the contention of the appellant that, because she is nearer in blood to the deceased than the nieces and nephew, therefore, in contemplation of Sections 11883 and 11884, she is "next of kin," and entitled to preference in the exercise of the right to apply for her appointment, or the appointment of her nominee, as administrator of the estate.

On the other hand, it is the contention of the appellees that there are no degrees of "nearness" in the class of "next of kin." It is apparent from a reading of Section 11883 that all parties who are entitled to or could apply for appointment are divided into four classes, two of which precede creditors. The first class is confined entirely to the surviving spouse, the second class is confined entirely to "next of kin," and the third class to creditors.

By the terms of Section 11884 it will be seen that each class in succession is given a period of 20 days, commencing with the date of the burial of the deceased, within which to apply for administration. The spouse has 20 days within which to act. All those who constitute the second class,—that is to say, the "next of kin,"—are given the second period of 20 days. Can it be said that the legislature intended any preference to any one or the other of the various parties who constitute the second class? If it be argued that the nearest of blood in the second class should have the first right to apply for appointment, then the next question is, For what length of time has this nearest in the blood—this *individual* of the second class— the exclusive right? The statute is silent.

It is quite apparent that, if the legislature intended that the nearest in blood of the class "next of kin" should have preferential rights for a limited period of time within which to make application, a schedule of such exclusive periods of time would have been incorporated into the statute, in the same manner as Section 11884 fixes a schedule of time for each of the classes named in Section 11883. It is easily conceivable that there might be, in a given case, several classes or groups

within the class the next of kin. The deceased might have left children, grandchildren, brothers, sisters, nieces, and nephews. It is apparent that the only way appellant's interpretation of the statute could be made practical would be to add to it by legislation, giving each group within the class a definite period within which said group would have the exclusive right to apply for administration. Furthermore, because the sister is nearer in blood than the niece, it does not follow that she is thereby entitled, as against the application of the niece, to appointment. It is a matter properly within the sound discretion of the court to determine as between the applicants of a class.

It will be noted that, in the case at bar, every member of the class has waived the right to personal appointment, the one niece having requested the appointment of Masterson, and the sister, together with the other niece and nephew, having requested the appointment of Bagley. No objection whatever is raised as to the qualifications and fitness of Masterson. It cannot be said that the court abused its discretion in appointing Masterson.

Those who take the personal estate of the deceased under the statutes of distribution constitute the class "next of kin." Because the sister was nearest in blood, she, for that reason, had no preferential right over other members of the same class, —to wit, the "next of kin,"—for either her own appointment or in the right of nominating an appointee.

Many decisions based upon the statutes of other states have been cited, but, upon examination, we find them of little assistance, because of the difference in statutes.

We approve the action of the district court, and the cause must, therefore, be, and it is—*Affirmed*.

MORLING, C. J., and EVANS, FAVILLE, and KINDIG, JJ., concur.