## CLARK et al. v. PRICE et al.
### No. 13635.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 3, 1937.

Rehearing Denied Jan. 14, 1938.

W. H. Hall, of Dallas, for appellants.

Thomas B. Ridgell, of Dallas, for appellees.

BROWN, Justice.

This suit was begun by Henry Clark and E. M. Conoly, as partners, alleged to be real estate brokers, against R. E. Price and Elmer L. Dabney, as defendants, in the county court at law, No. 2, of Dallas county, Tex., to recover from such defendants, "jointly and severally, for their damages in the sum of Five Hundred and Five Dollars ($505.00), together with all costs of court," predicated upon the allegations that defendant Price listed certain property owned by him, for sale, or exchange, and defendant Dabney listed certain property owned by him, for sale, or exchange, and that they brought the parties together and began the negotiations between them, but that such defendants thereafter made a trade with respect to the properties, and refused to pay them a commission.

The plaintiff Clark claims to have been the active broker, in the matter, and his partner, Conoly, was joined as a plaintiff.

Separate answers were made by both defendants, and each specially pleaded that the plaintiffs did not disclose that they were agents for both the trading parties and that they expected to receive a commission from each.

The case being tried to a jury, the trial court submitted only three questions to the jury for determination.

The first inquired whether or not the plaintiffs were the efficient procuring cause of the sale and exchange of the properties in question.

This the jury answered "No." The second inquired whether or not Jackson and Morris (two other real estate brokers, who actually closed the trade) were such procuring cause of the said sale and exchange, and the jury answered "Yes."

The third required the jury to find whether or not the plaintiffs disclosed to both of the defendants the fact that plaintiffs were to receive a commission from both of the defendants in the event the sale and exchange of the properties owned by the two defendants was consummated, and the jury answered such issue "no."

Each of the defendants filed a motion for judgment on the verdict.

The plaintiffs filed motions for judgment notwithstanding the verdict, as against each defendant, and also motions to set aside the verdict of the jury, subject to the overruling of plaintiffs' motions for judgment notwith-

standing the verdict, and to grant a new trial.

The order of the trial court discloses that the motions of the plaintiffs which were presented and acted upon were those praying for a judgment notwithstanding the verdict, and those praying that the verdict be set aside. These were overruled and due exception taken and notice of appeal given.

We find also in the record a motion filed by plaintiffs expressly made subject to their motions for judgment notwithstanding the verdict, in which they pray the court to set aside the judgment rendered by the court and to grant them a new trial.

We find no order of the court overruling such motion, but we shall consider the assignments of error.

The case having been appealed to the Court of Civil Appeals at Dallas, same was, by the Supreme Court, transferred to this court for review.

■ The first assignment of error asserts that the trial court committed error in refusing the plaintiffs' request for an instructed verdict. No such request appears in the record, except in the motion for a new trial, and no action upon any such request is found in the record. But considering the assignment of error on its merits, nowhere in appellants' brief are we shown where evidence was introduced positively fixing the respective amounts or values, at which the properties were sold and exchanged.

But there is so much conflicting evidence on the issues involved that the trial court would not have been warranted in giving the charge, even though the values had been positively proven.

■ The second assignment of error asserts that the trial court erred in overruling "plaintiffs' motion to enter judgment non obstante veredicto," on the theory that the answers made by the jury to the several special issues were without evidence to sustain them, and against the undisputed evidence.

The plaintiffs urged two such motions—one against each defendant.

If this assignment of error is sufficient for consideration (and this we seriously doubt), it could only find its virtue in the fact, if such existed, that plaintiffs were entitled to a peremptory charge. Finding that plaintiffs were not entitled to a peremptory instruction in their favor, there is no merit in the second assignment of error.

■ The third assignment of error complains of the trial court not sustaining plaintiffs' motion to set aside the verdict of the jury.

We find that there is evidence to sustain the findings of the jury, and there is no merit in the third assignment of error.

The fourth assignment of error complains of the rendition of judgment for the defendants on the verdict.

No other judgment could have been properly rendered by the trial court on the findings made.

■ The fifth assignment of error complains of the admission of certain testimony, over plaintiffs' objection.

No complaint was made of this in any motion for a new trial and we decline to consider the assignment of error.

What we consider as the controlling issue in this case is the fact that the jury found in answer to issue No. 3 that the plaintiffs did not disclose to the two defendants that plaintiffs were to receive a commission from both defendants, in the event the sale and exchange of their respective properties should be consummated.

Nowhere in appellants' brief is this finding attacked.

In the statement and arguments made in the brief, appellants confine themselves to the evidence introduced on the issues of listing the properties with them by the two appellees, and conversations and transactions had with the appellees touching the matter of selling, or trading, their respective properties.

Appellant Clark, having testified that he was the plaintiff who acted as broker for the two trading parties, admitted that he did not disclose to each of them that he intended to charge and receive a commission from both the buyer and the seller.

He sued both for commissions, in this suit, and testified that he told each one he was charging him a commission for his services in disposing of his property. Moore v. Kelley, Tex.Civ.App., 162 S.W. 1034, writ refused; Paul v. Prince, Tex. Civ.App., 228 S.W. 1102, writ dismissed.

■ Sound public policy demands that such dealings be frowned upon and that they may not be made the basis for a recovery against either the buyer, or seller.

258

Appellants neither pleaded nor sought to prove that, while acting as brokers for both the buyer and the seller, they disclosed such dual agency, and that the buyer and the seller consented thereto, or knowingly acquiesced therein.

Nor did appellants allege that they were mere "middle-men" employed by the buyer and seller to bring the contracting parties together, to the end that each party could make such terms as were agreeable to him in consummating the trade.

In fact, appellants have made no effort to brief the case on the theory of a recovery by them as mere "middle-men."

The judgment of the trial court is affirmed.