**In re ENOCHS' ESTATES.**

**In the Matter of the Administration of the Estates of Samuel Jones Enochs and Lorraine Enochs, Deceased.**

**No. 38098.**

Supreme Court of Oklahoma.

Feb. 18, 1958.

Alfred M. Parsons, Shawnee, for appellant.

Leonard Carey, Lloyd H. Henry, Shawnee, for respondents.

JOHNSON, Justice.

This is an appeal from an order of the District Court of Pottawatomie County, Oklahoma, affirming on appeal an order of the county court of that county appointing the Federal National Bank of Shawnee, Oklahoma, administrator of the estates of Samuel Jones Enochs and Lorraine (Gammel) Enochs, deceased.

The facts upon which the county court made the appointment which was affirmed by the district court on appeal, and about which there is no dispute, may be briefly stated as follows: W. E. Gammel, brother of Mrs. Lorraine Gammel Enochs, the appellant herein, filed his petition in the County Court of Pottawatomie County to be appointed administrator of the estates of Samuel Jones Enochs and Lorraine Enochs, both deceased. Thereafter, Odell A. Enochs filed a contest to Gammel's petition. Odell A. Enochs for himself and as the guardian under an appointment in a California guardianship proceedings for his half-brother, Robert Leon Enochs, a minor, waived their individual rights to appointment and requested the appointment of the Federal National Bank of Shawnee as administrator of both estates.

The deceased parties were killed on the 10th day of October, 1957, in an automobile collision in Pottawatomie County. They died intestate. Samuel Jones Enochs died first; Lorraine Enochs died a few minutes later. Samuel Jones Enochs had been previously married and left surviving him two children of a former marriage, Odell A. Enochs and Kathleen O. Kirkham, nee Enochs, both adults. Odell A. Enochs, whose name appears in the objection to the appointment, is one of his sons. Odell is now and has been for years a resident of the State of California.

Samuel Jones Enochs married Lorraine Gammel, who became Lorraine Enochs, one of the deceased. From this second marriage there was one child born, Robert Leon Enochs, who at the time of the death of his father and mother was about fourteen years old. Except for a few months after his birth, Robert Leon Enochs, the minor, had lived with his father and mother here in the State of Oklahoma, and principally in Pottawatomie County. Robert Leon Enochs was the half-brother of Odell A. Enochs, whose name appears in this proceedings, and a stepson to Mrs. Lorraine Gammel Enochs. Robert Leon Enochs was an own nephew of W. E. Gammel who applied for appointment as administrator of the estates of the deceased parties.

The point for decision is this: Which has the legal right to administer the estates of the deceased, W. E. Gammel or the Federal National Bank, in whose favor Odell A. Enochs for himself and as guardian for Robert Leon Enochs waived and relinquished any rights they may have had?

The statutes applicable to the controversy involved in this case are 58 O.S.1951 §§ 122, 125, 134 and 714. These sections read respectively:

"§ 122. Persons entitled to letters of administration.—Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:

"1. The surviving husband or wife, or some competent person whom he or she may request to have appointed.

"2. The children.

"3. The father or mother.

"4. The brothers.

"5. The sisters.

"6. The grandchildren.

"7. The next of kin entitled to share in the distribution of the estate.

"8. The creditors.

"9. Any person legally competent.

"If the decedent was a member of a partnership at the time of his decease,

the surviving partner must in no case be appointed administrator of his estate. R.L. 1910, § 6245."

"§ 125. Letters to guardian of minor entitled.—If any person entitled to administration is a minor, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court. R.L. 1910, § 6248."

"§ 126. Who incompetent as administrator.—No person is competent to serve as administrator or administratrix, who, when appointed, is:

"1.  Under the age of majority.

"2.  Convicted of an infamous crime.

"3.  Adjudged by the court incompetent to execute the duties of the trust by reason of drunkenness, improvidence or want of understanding or integrity. R.L. 1910, § 6249."

"§ 134. Nomination of stranger by person entitled.—Administration may be granted to one or more competent persons, although not entitled to the same, at the written request of the person entitled, filed in the court. When the person entitled is a non-resident of the State, affidavits or depositions taken ex parte before any officer authorized by the laws of this State to take acknowledgments and administer oaths out of this State, may be received as prima facie evidence of the identity of the party, if free from suspicion, and the fact is established to the satisfaction of the court. R.L. 1910, § 6257."

"§ 714. Joinder of proceedings relating to different estates.—Proceedings for probate of wills of two (2) or more deceased persons may be joined and united in one proceeding, and proceedings for administration of estates of two (2) or more deceased persons who died intestate may be joined and united in one proceeding, and proceedings for probate of wills of one (1) or more deceased persons and proceedings for the administration of estates of one (1) or more deceased persons who died intestate may be joined and united in one proceeding, (a) where the estate or estates left by one (1) or more of such deceased persons or some part thereof, has been or is to be received from another of such deceased persons, immediately or remotely, either by will or intestate succession, and no probate or administration proceedings have been had or commenced upon the estate of any of such deceased persons, and/or (b) where two (2) or more deceased persons died seized of undivided interests in property, real or personal, as tenants in common or otherwise, and no probate or administration proceedings have been had or commenced on the estate of either or any of them, and one (1) or more of the heirs, devisees, or legatees of such deceased persons are the same; and the court may grant letters testamentary and/or letters of administration, as the case may be, upon such estates and they may be administered in one proceeding; provided, that, in all cases herein mentioned the court granting such letters has jurisdiction of each of the proceedings so united. Laws 1945, p. 190, § 1."

There is no dispute concerning the facts, and there is nothing in the record indicating other than that either the applicant, W. E. Gammel, or the nominee, Federal National Bank of Shawnee, is duly qualified to discharge the duties of the trust. It consequently becomes a matter of statutory construction, as the right to the appointment is given by law, and the court has, under these circumstances, generally no discretion concerning it; In re Nickals' Estate, 21 Nev. 462, 34 P. 250; In re Wilcox' Estate, 122 Mont. 290, 201 P.2d 989, except where there are two or more persons equally entitled under the statute, State ex rel. Pryor v. Anderson, Mo.App., 112 S.W.2d 257; Borner v. Larson, 70 N.D. 313, 293

N.W. 836 and 33 C.J.S. Executors and Administrators § 34, p. 924.

It is contended that under Sec. 125, supra, that Odell A. Enochs as the guardian of Robert Leon Enochs, a minor, was entitled to serve as administrator of the estate of Lorraine (Gammel) Enochs, and that through that circumstance, under Sec. 134, supra, letters of administration were properly granted to the Federal National Bank of Shawnee, upon his written request or nomination, although admittedly the bank otherwise was not entitled to same.

The counter contentions of the applicant W. E. Gammel are that (1) the statute (Sec. 125, supra) providing that if any person entitled to administration is a minor, letters must be granted to his or her guardian, refers to a guardian appointed in this state and not to one appointed in the state of California; (2) that if the statute did include a guardian appointed in some other state, so as to qualify such guardian to serve as the administrator instead of his minor ward, that such guardian could not nominate another as the substitute to the exclusion of the right which the statute, Sec. 122, supra, gives to those next in order, as the right is personal and not delegable. See In re Graham's Estate, 27 Ariz. 167, 231 P. 918, and other cases hereinafter cited.

■ Obviously, under the facts, if Odell A. Enochs was entitled to be appointed himself, or nominate another as administrator for the estate of Lorraine (Gammel) Enochs, it was by virtue of his position as guardian of Robert Leon Enochs, the minor son of the deceased; and in In re Nickals' Estate, supra, under similar statutory provisions, the Supreme Court of Nevada, in accord with the general rule as stated in 39 C.J.S. Guardian and Ward. § 186, p. 331, said in the third syllabus:

"Section 2724, Gen.St., providing that letters of administration shall issue to the guardian of a minor, instead of to the minor himself, refers to a guardian appointed in this state, and not to one appointed in some other state."

And in the body of the opinion, 34 P. at page 251, it was said:

"It is admitted that the respondent has no right to the letters except under his appointment as guardian by the California court, and, as such, we are of the opinion that he does not come within the meaning of section 2724. Except as a matter of comity, and to a very limited extent, guardians appointed in one state are not recognized as such, or as having any power or authority, in any other state. Speaking of an English decision holding the authority of an English guardian sufficient to institute a suit for the personal property of his ward in Scotland, Judge Story says: 'It has certainly not received any sanction in America in the states acting under the jurisprudence of the common law. The rights and powers of guardians are considered as strictly local, and as not entitling them to exercise any authority over the person or personal property of their wards in other states, and upon the same general reasoning and policy which have circumscribed the rights and authorities of executors and administrators.' Story, Confl. Law, § 499. The same rule applies to real estate. Id. § 504. This language is repeated and approved in Whart.Confl.Laws, § 261, and in Hoyt v. Sprague, 103 U.S. 613, 631 [26 L.Ed. 585], and is certainly the law as understood and administered in the United States. Cooley, Const.Lim. 414; Schouler, Dom.Rel. 445; Leonard v. Putnam, 51 N.H. 247. *In other words, as to any other state than the one of the appointment, he is no guardian, and has no rights as such.* * * *" (Emphasis ours.)

■ Assuming for the purpose of this case that under our holding in In re Copperfield's Estate, 158 Okl. 40, 12 P.2d 490, and Sec. 125, 58 O.S.1951, the guardian himself had some right to letters of administration ‘ on Lorraine Gammel Enochs' estate, still he had such right

merely as a representative or in place of the minor, Robert Leon Enochs. Neither the minor nor the guardian, the representative of the minor, had the power to nominate an administrator under Sec. 122, 58 O.S.1951, nor by written request of the guardian under Sec. 134, 58 O.S.1951. The nomination of the Federal National Bank by the guardian did not confer upon it the right to letters of administration. In re Woods' Estate, 97 Cal. 428, 32 P. 516.

The right of the Federal National Bank to serve as administrator of Lorraine Gammel Enochs' estate is clearly demonstrated to be founded upon the written request of Odell A. Enochs, as guardian for Robert Leon Enochs, a minor, that it be appointed as administrator of her estate.

In 1893, in In re Woods' Estate, supra, in construing statutory provisions identical to Sections 122, 125, 126 and 134, it was held that a written request by a guardian of minor children of a deceased that letters be granted to a third party not otherwise entitled thereto did not confer upon such party the right to administer. The court, in passing upon the question of a guardian's nomination of an administrator, in the opinion, 32 P. at pages 516–517, said:

"C. M. West and George F. Bronner, public administrator, were contestants for letters of administration of the estate of James A. Woods, deceased. The court made an order denying the application of West, and granting letters to Bronner, and West appeals from the order. The only heirs of said Woods, deceased, were three minor children, and appellant offered to prove that Susan Sherwood was their only appointed guardian, and that said guardian had made a written request for the appointment of said West as administrator. An objection to this evidence was sustained by the court, and appellant excepted. West founded his claim to be appointed administrator solely upon said request of said guardian. We think that the

court was right in its ruling. Section 1365, Code Civil Proc., declares that administration upon estates shall be granted to some person belonging to one of ten specified classes, who shall be entitled in the order named, and the guardian of a minor is not one of the persons therein named. Section 1369 declares that a minor is not competent, or entitled, to serve as administrator. Section 1379 provides that 'administration may be granted to one or more competent persons, although not otherwise entitled to the same, at the written request of the person entitled.' Section 1368 provides: 'If any person entitled to administration is a minor, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court.' No doubt these sections are somewhat confusing as to the point whether a minor is a 'person entitled,' and therefore as to whether the guardian of a minor may be granted letters. But assuming, for the purposes of this case, that the guardian herself had such right to letters, still she had such right merely as representative, or in place, of the minor. She does not come within any of the classes of persons enumerated in section 1365 as persons to whom administration must be granted, and therefore her written request could not confer upon appellant the right to administer."

We could well paraphrase the above quotations and insert the pertinent parallel sectional provisions of our statute, but for the sake of brevity we hold, concisely and simply: First, that Section 125, 58 O.S.1951, providing that letters of administration shall issue to the guardian of a minor, instead of the minor himself, refers to a guardian appointed in this state, and not to one appointed in some other state, in this case, California. Second, it will be observed that our statute, Section 122, 58 O.S.1951, supra, vests the

right (of nomination) to request the appointment of a third person as administrator only in the surviving husband or wife, and not in any other class named in the statute, and a request made by one of those first in right for the appointment of someone in his stead does not affect the right of those coming after, even though the person having the superior right may be qualified to act. Stated in a more direct way, the person qualified must either accept the appointment for himself or waive the right absolutely. State ex rel. Cowley v. Superior Court for King County, 158 Wash. 546, 291 P. 481, 70 A.L.R. 1460. The power to nominate an administrator cannot be delegated. See In re Johnson's Estate, 189 Okl. 157, 114 P.2d 469, and cases cited therein; also 21 Am.Jur. Executors and Administrators, Sec. 79, pg. 417.

■ W. E. Gammel, being the only applicant qualified under Section 122, 58 O.S.1951, supra, was entitled to administer the estate of his sister, Lorraine Gammel Enochs, and in the absence of a showing that he was incompetent to serve as administrator, it was error to not appoint him as such administrator.

Now, as to Samuel Jones Enochs' estate, since Odell A. Enochs was his son, he had a right to claim appointment for this estate, had he made an application therefor. However, he did not. He waived his right to administer and contested the application for appointment of Mr. Gammel, and filed in the court a written request requesting that the Federal National Bank of Shawnee be appointed as administrator of his father's estate, which request was granted.

■ This request was in accord with Section 134, 58 O.S.1951, which provides that "(A)dministration may be granted to one or more competent persons, although not entitled to the same, at the written request of the person entitled, filed in the court."

Obviously, the bank was not entitled to be appointed administrator except under the above statute. That statute reposes a discretion as to the granting of such request in the court. In re Healey's Estate, 122 Cal. 162, 54 P. 736; In re Brundage's Estate, 141 Cal. 538, 75 P. 175; Banc.Prob. Prac.2d, Sec. 252; 21 Am.Jur., Executors and Administrators, Sec. 81, pg. 419.

■ The court exercised its discretionary power by granting the written request of Odell A. Enochs and appointing the bank. While under the circumstances of this case the appointment of the bank as administrator of Samuel Jones Enochs was discretionary, the appointment of W. E. Gammel as administrator over his sister's estate was mandatory if he was competent. Sec. 122, 58 O.S.1951, supra; Vaught v. Struble, 63 Idaho 352, 120 P.2d 259; Banc. Prob.Prac.2d, Sec. 241.

The Court in accord with Mr. Gammel's application, and as provided for under Section 714, 58 O.S.1951, supra, united in one proceeding the administration of both estates, and respondents agree that it is best for the administration of the estates under the circumstances involved that the administration continue under one proceeding. We agree.

We are of the opinion, however, that the appointment of the Federal National Bank was through a misapprehension of the applicable law concerning the legal rights of the persons entitled to the appointment, and not the incompetency of Mr. Gammel. Therefore, in view of what we have said, and as the record now stands, it follows that the appellant has the better right to letters of administration in this case.

The judgment and order is reversed with directions to the district court to vacate the order appointing the bank as administrator and proceed in the appointment of an administrator or administrators in accord with the views herein expressed.

WELCH, C. J., and WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., and HALLEY, J., dissent.